was negotiable so that there was no debt to the defendant after his indorsement; and in the case from 5 Har. & J. 478, the assignment transferred the legal title, as well as the equitable. The plaintiff claims equal equity with that of the assignee, and has a legal remedy against a legal debtor of his debtor. A lien must be pleaded. Clarke v. Hougham, 9 Serg. & Lowb. 42, [9 E. C. L. 73;] 2 Esp. N. P. 536.

Mr. Marbury, in reply. In Pennsylvania a common promissory note, payable to order, is not negotiable. U. S. v. Vaughan, 3 Bin. 394. An assignment need not be a transfer of the legal right of action to enable the garnishee to plead nulla bona.

The COURT (CRANCH, Chief Judge, contra,) refused to grant a new trial.

BAKER, (NEW JERSEY MUT. LIFE INS. CO. v.) See Case No. 10,165.

BAKER, The OLIVE. See Case No. 10,489.

## Case No. 776.
### BAKER v. PETERSON.
[4 Dill. 562, note.][1]

Circuit Court, D. Iowa. 1877.

REMOVAL OF SUIT UNDER ACT OF MARCH 3, 1875— TIME IN WHICH APPLICATION MUST BE MADE TO REMOVE SUITS PENDING WHEN THAT ACT TOOK EFFECT—INFORMAL BOND HELD SUFFICIENT.

1. Where, in a suit pending in a state court at the time of the passage of the act of March 3, 1875, [18 Stat. 470,] the non-resident plaintiff applied to the state court, at the first term after that act went into effect, for its removal, and his petition showed a case proper for removal, and his bond, with sureties, was accepted by the state court, and the removal ordered to the circuit court, in which latter court a copy of the record in the suit was duly filed by the plaintiff and his appearance entered as required —on a motion by defendant to remand the cause to the state court: Held, that the petition for the removal was in time, being filed before the trial and at the first term after the passage of the act of March 3, 1875.

[Cited in Meyer v. Delaware, etc., R. Co., 100 U. S. 473.]

2. Held, that, although the condition of the bond for the removal was in conformity with the act of July 27, 1866, [14 Stat. 306,] and omitted the condition required by the act of March 3, 1875, as to paying costs that may be awarded by the circuit court for a wrongful or improper removal thereto, yet, as the case was one proper for removal, and the bond had been accepted by the state court, and the record was filed and the appearance of the plaintiff in the circuit court entered in time, the omitted clause in the condition of the bond was not sufficient ground for remanding the suit to the state court.

Charles A. Clarke, for the motion.
Wright, Gatch & Wright, opposed.

PER CURIAM. Heard before DILLON, Circuit Judge, and LOVE, District Judge.

[Note. Nowhere more fully reported. This case, as here reprinted, was originally published in 4 Dill. 562, as a note to Atlee v. Potter, Case No. 636.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

## Case No. 777.
### BAKER et al. v. PORTLAND.
[5 Sawy. 566;[1] 20 Alb. Law J. 206; 8 Reporter, 392; 4 Cin. Law Bul. 620; 11 Chi. Leg. News, 375; 25 Int. Rev. Rec. 321; 3 Pac. Coast Law J. 469.]

Circuit Court, D. Oregon. July 21, 1879.

CHINESE — RESIDENCE — TREATY — POWERS OF A STATE — LEGISLATIVE ACT IN CONFLICT WITH TREATY — MULTIFARIOUSNESS — CONTRACTORS— REMEDY AT LAW.

1. The right to reside in a foreign country implies the right to labor there for a living.

[Cited in Re Parrott, 1 Fed. 507.]
[See In re Ah Chong, 2 Fed. 733, and In re Quong Woo, 13 Fed. 229.]

2. A state has no power to interfere with or in any way limit the operation of a treaty of the United States.

[Cited in Re Parrott, 1 Fed. 517.]
[See Gibbons v. Ogden, 9 Wheat. (22 U. S.) 211; Henderson v. Mayor of New York, 92 U. S. 272.]

3. If it be admitted that a state has the general power to say who it will employ, or who its contractors shall employ, still the state being a member of the Union, and subordinate in the exercise of its general powers to the constitution of the United States and the laws and treaties made in pursuance thereof, it cannot exercise this power in any case where it conflicts with the operation of such constitution, laws or treaties.

4. A legislative act of the state of Oregon, which prohibits the employment by contractors of Chinese upon street improvements or public works, but permits all other aliens to be so employed, is in conflict with the treaty between the United States and the emperor of China, which secures to the Chinese, resident here, the same right to be employed and labor for a living as the subjects of any other nation, and is therefore void.

5. Parties having distinct claims against the same defendant cannot maintain a suit in equity thereon, jointly; and a bill containing two or more such claims is multifarious.

6. Any number of persons who may from time to time be engaged in making street improvements under several and distinct contracts with the city are not therefore a class of persons having a common interest in the subject of street improvements concerning which any one or more may sue for the whole.

7. A party threatened with proceedings under a void act has an adequate remedy at law.

[In equity. Suit by Perry Baker and others to enjoin the city of Portland from enforcing a state law prohibiting the employment of Chinese laborers for certain purposes. Defendant demurs. Demurrer sustained.]

James G. Chapman, for complainants.
F. O. McCown and Julius C. Moreland, for defendant.

DEADY, District Judge. This suit is brought to injoin the city of Portland from enforcing an act of the legislature, approved October 16, 1872, (Sess. Laws, p. 9,) entitled "An act to prohibit the employment

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 8 Reporter contains partial report only.]