## SUPREME COURT.

DARIUS MILLER and JOHN MILLER agt. ELMORE A. KENT and ABRAM POOLE.

*Removal of causes into United States courts—Chap.* 137 *of* 1875 (*United States statutes*) *— when motion too late — All the defendants or all the plaintiffs must be citizens of different states.*

Under the provisions of the act of congress (*chap.* 137 *of* 1875), providing for the removal of causes into the United States courts, "before or at the term at which said cause could be first tried, and before the trial thereof," it is too late to make such application after a demurrer has been interposed and duly argued and decided.

In all the states there is, by law or rule, a term, *i. e.,* a term at which a cause may for the first time be called for trial.  This is the term at which, within the meaning of the law, the cause could first be tried, and, therefore, is the term at or before which the petition for the removal must be filed.

All the persons constituting "the party" on one side must be citizens of different states from those on the other side.

To warrant a removal under the provisions of the act of 1875, covering

Miller agt. Kent.

suits between. citizens of different States, *if any person who is a necessary plaintiff and any person ·who is a necessary defendant are citizens of the same state, there is no right of removal.*  All the defendants compose the "party" who may ask for a removal, and they must *all* be other states' citizens.

The averments of the petition are not conclusive on the state courts. The. court has the power and the right to examine other papers than the mere affidavit of the petitioner, to ascertain whether the statute permitting the removal of the cause has been complied with

*At Chambers, February*, 1881.

*L. A. Gould*, for motion.

*L. S. Bennett* and *Adolphus D. Pape*, opposed, made and argued the following points :

I. This court has the power and the right to examine other papers than the mere affidavit of the petitioner to ascertain whether the statute permitting the removal of this case has been complied with.  "The mere filing of the papers on an application for the removal of a cause to the United States court does not have the effect of removing the action.  The court must act upon them either by order or by accepting the sureties offered " (*Vose* agt. *Yulee*, 4 *Hun*, 628).  The averments of the petitioner are not binding on the court (*Clarke* agt. *Opdyke*, 10 *Hun*, 383).

II. It appears that Nathan G. Miller, one of the plaintiffs, is a resident and citizen of the state of New York.  It is admitted that Elmore A. Kent is a resident and citizen of the same state.  To warrant a removal under. the provisions . of the act of 1875, covering suits between citizens of different. states, if any person who is a necessary plaintiff and any person who is a necessary defendant are citizens of the same state, there is no right of removal.  All the defendants compose the "party" who may ask for a removal, and they must all be other state citizens (2 *Circ.* [*N. Y.*], 1878 ; *Sawyer* agt. *Switzerland Mar. Ins. Co.*, 14 *Blatchford*, 451 ; *Van Brunt* agt. *Corbin, id.*, 496 ; *S. P.*, 6 *Circ.* [*Mich.*], 1878 ; *Re Fraser*,

Miller agt. Kent.

18 *Alb. L. J.*, 353; 25 *Int. Rev. Rec.*, 226; 6 *Reporter*, 357.) Abram Poole does not unite in the petition. He is a necessary party defendant. He appeared in this action and serves an answer (*See Bennett's affidavit*). Judge BLATCHFORD, in *Chicago, St. Louis Railroad Company* agt. *McComb* (*U. S. Circ., Dec.* 31, 1879; 9 *Rep.*, 569), says: "There must be in the suit a controversy between citizens of different states, and all the parties on one side of such controversy must unite in the petition for removal, and when they so unite they must all of them be at the time of different states' citizenship from any of the parties on the other side of such controversy;" also, in *Burke* agt. *Flood* (*U. S. Circ. Court* [*California*], *Jan.* 26, 1880; 9 *Reporter*, 501), SAWYER, J., says: "I regard it as settled that to remove a case under that provision, it is necessary that all of the persons constituting the party on one side of the controversy must be citizens of different states from the party on the other. The cause is not removable." So, whether Poole is in or out of the case, it appears that Kent is a citizen of New York and N. G. Miller, a party on the other side, is also a citizen of New York. In the cases of *Wormser* agt. *Dahlman, Kline & Roth* (57 *How.*, 287), Judge BLATCHFORD says: "It is plain that the proceedings for removal were taken not under the act of March 3, 1875 (18 *U. S. Stat. at Large*, 470), but under the second subdivision of section 639 of the Revised Statutes, which is a re-enactment of the provisions of the act of July 27, 1866 (14 *U. S. Stat. at Large*, 306). Under the act of 1875 nothing less than the whole suit can be removed into this court. Under the act of 1866, and subdivision 2 of section 639 of the Revised Statutes, the suit may be removed only as against the defendant who petitions to have it removed only as against him."

III. The petition is made too late, because a demurrer has been three times interposed by the defendant Kent, all of which have been duly argued and decided. Judge LAWRENCE, in *Bright* agt. *Milwaukee R. R. Co.* (1 *Abb. N. C.*, 15) in construing the act of 1875, says: "A hearing on the

demurrer was actually noticed and the demurrer sustained.
\* \* \* The default on the demurrer was a trial as to the
demurring defendants." In the opinion embodying this
decision he quotes *Warner* agt. *Penn. R. R. Co.* (6 *Hun*,
197) ; *Place* agt. *B. W., &c., M. Co.* (28 *How. Pr.*, 185). It
is apparent from the affidavit of· H. S. Bennett, that this case
" could have been tried " previous to the filing of this petition.
The statute does not contemplate any delay for the purpose of
settling the pleadings in the state court. These can be settled,
if necessary, after removal ( *U. S. Circ.·*[ *W. B. Missouri*],
*June*, 1880 ; *Murray* agt. *Holden*, 10 *Reporter*, 162). Judge
McCRARY in that case (*on page* 162, *volume* 10 *of Reporter*),
says : " One of the objects of the act of 1875, was to prevent
the abuses which had been practiced under the acts of 1866·
and 1867, which allows a removal at any time before the final
hearing. It was evidently the purpose of congress to fix an
earlier and a definite time, which would not permit the litigant
to experiment in the state court until satisfied that he would
fail there, and then change his forum. In all the states there is
by law or rule a term, *i. e.*, a term at which a cause may for the
first time be called for trial. In practice but few contested
cases are tried at the first term, and it often happens that con-
troversies arise upon questions of pleadings, so that as in this
case, no issues of fact are joined at that term. It is neverthe-
less the term at which within the meaning of the law such
cases could first be tried, and, therefore, is the term at or
before which the petition for removal must be filed. The
statute does not contemplate any delay for the purpose of
settling the pleadings in the state court. These can be settled
in the federal court after removal if necessary." Judge
BLATCHFORD, in *Forrest .Home* agt. *Keeler* (9 *Reporter*,
432), says: " The intent of the act of 1875, is plainly to
require prompt action on the part of one desiring removal."
" The want of preparation of the parties does not affect the
question." Judge DILLON, in *Atlee* agt. *Potter* (4 *Dill.*, 562),
says: " It has also the merit of preventing a party from

experimenting with the state court by demurrers and motions, with a view to remain if the outlook is favorable or to apply for a removal if that is more hopeful."

Ch. J. WAITE, in removal cases (10 *Otto*, 473), says: "We think it clear that congress did not intend by the expression 'before trial,' to allow a party to experiment his case in the state court, and if he meet with unexpected difficulties, to stop there and take his suit to another tribunal." Justice DANIELS, in *Warner* agt. *Penn. R. R. Co.* (6 *Hun*, 199), says: "Any other construction would allow the applicants to delay until all the preparations of his adversary had been made for trial and the trial itself should be about to be commenced, and in that way subject him to a compulsory postponement which might involve him in the inability afterwards to establish a meritorious cause of action." Applying the reasoning and decisions in the foregoing cases to the facts of this case, it is clear that the petition is filed too late. This cause was at issue (by an answer of both defendants) more than one year ago. It "could have been tried" more than a year ago upon the issues then raised. Since that eight terms have passed. During those eight terms the petitioner has been "experimenting" with the state court by interposing three demurrers, serving three answers, and is now under an order of the court requiring him to serve a fourth answer. *In not one of his demurrers has he prevailed.* Three of his demurrers have been overruled, and two of his answers have been judicially declared "indefinite and uncertain" and "purposely" so. After securing the delay caused by these proceedings and having "experimented" far enough in this litigation to obtain the opinions of several judges of the supreme court upon his case, he, in the language of judge DILLON, before cited, has decided to "apply for a removal as that court offers more hopeful prospect."

IV. The application for removal should be denied.

BARRETT, *J.* — The motion to remove this action to the United States court should be denied, for two reasons: First, it is too late; second, the plaintiffs and defendants respectively are not all citizens of different states. (1.) It is too late because the issues not only could, but actually have been, tried. There is no limitation in the statute to issues of fact. There were here several trials of issues of law, and final judgment might have been rendered thereon. Leave to answer, even though usual, is in theory of discretion. Congress did not intend to permit a removal after such experiments in the state courts (*Murray* agt. *Holden*, 10 *Rep.*, 162; *Forrest Home* agt. *Keeler*, 9 *Rep.*, 432; *Alte* agt. *Rotter*, 4 *Dill.*, 562; *Bright* agt. *M. N. N. Co.*, 1 *Abb. N. C.*, 15; *and see Removal Cases*, 10 *Otto*, 473). (2.) The affidavits show that one of the plaintiffs is a citizen and resident of this state. The same is true of one of the defendants. That is fatal to a removal under the act of 1875. All the persons constituting "the party" on one side must be citizens of different states from those on the other side (*Burke* agt. *Flood*, 9 *Rep.*, 501; *Lawyer* agt. *S. M. I. Co.*, 14 *Blatchf.*, 451; *Chicago, St. L. R. W. Co.* agt. *McCourt*, 9 *Rep.*, 569). (3.) The averments of the petition are not conclusive on the state courts. We may ascertain the truth as to the existence of the requisite facts (*Clarke* agt. *Opdyke*, 10 *Hun*, 383).

Motion denied, with ten dollars costs.