## Case No. 4,828.

### FISK v. UNION PAC. R. CO. et al.

[8 Blatchf. 243; 13 Int. Rev. Rec. 77; 3 Alb. Law J. 156; 5 Am. Law Rev. 566.][1]

Circuit Court, S. D. New York. Feb. 13, 1871.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission. 5 Am. Law Rev. 566, contains only a partial report.]

Edwin W. Stoughton and David Dudley Field, for plaintiff.

Samuel J. Tilden, James Emott and Clarence A. Seward, for defendants.

Before NELSON, Circuit Justice, and BLATCHFORD, District Judge.

NELSON, Circuit Justice. A bill was filed in this case, in the supreme court of the state, by the plaintiff, against the Union Pacific Railroad Company, the Credit Mobilier of America, a corporation of Pennsylvania, and twenty-two other persons. It was filed in the forepart of July, 1868. The precise date is not given, nor is the time when it was served upon the respective defendants. On 3d of August following, six of the defendants, the Union Pacific Railroad Company, John J. Cisco, William H. Macy, Charles A. Lambard, Sidney Dillon and Thomas C. Durant presented a petition to the court to remove the cause to the circuit court of the United States for the southern district of New York, under an act of congress passed July 27, 1868 (15 Stat. 226). The act provides, that any corporation, or any member thereof, other than a banking corporation, organized under a law of the United States, and against which a suit at law or in equity has been or may be commenced in any court other than a circuit or district court of the United States, for any liability or alleged liability of such corporation, or any member thereof, as such member, may have such suit removed from the court in which it may be pending to the proper circuit or district court of the United States, upon filing a petition therefor, verified by oath, either before or after issue joined, stating that they have a defence arising under or by virtue of the constitution of the United States, or any treaty or law of the United States, and offering good and sufficient surety for entering in such court, on the first day of its session, copies of all process, pleadings, &c., and doing such other appropriate acts as are required to be done by an act of congress passed July 27, 1866 [14 Stat. 306]; and that it shall be thereupon the duty of the court to accept the surety and proceed no further in the suit: and that, the said copies being entered as aforesaid in such court of the United States, the suit shall then proceed in the same manner as if it had been brought there by original process.

The petition presented to the supreme court of the state conformed in all respects, substantially, to the provisions of the act. Some question is made on the part of the learned counsel for the plaintiff, whether the suit is brought against the defendants for a liability, or an alleged liability, of the Union Pacific Railroad Company, or of any of its

members as such; and it is claimed, that a critical examination of the bill of complaint will show this not to be the fact. My examination of it has led to a different conclusion. If it had been otherwise, however. I am of opinion it would not have deprived the defendants of the benefit of the act; that is, if it had not appeared affirmatively on the face of the bill that the suit was against them for such liability. The defendants have averred, in their petition, that the suit has been brought against them for such cause of action; and, if a question is to be made upon the allegation, it must be settled at the trial, and not on affidavits.

The 3d section of the act of March 2, 1833 (4 Stat. 633), provides, that, in any case where a suit is brought, in a state court, against an officer of the United States, or other person, for or on account of any act done under the revenue laws of the United States, or under color thereof, it shall be lawful for the defendant, at any time before trial, upon a petition to the circuit court of the United States, setting forth the nature of the suit, and verifying the petition, &c., to remove the suit to that court, and that the cause shall be entered on the docket of that court. This act, like the one before us, has a limitation upon the privilege of removal. The suit must be against a person for or on account of an act done under the revenue laws of the government, or under color thereof. It cannot be doubted, however. that. if no such fact appeared in the declaration, and it was simply for an assault and battery, he could remove the cause, by setting forth in his petition that the suit was for the cause stated in the act; otherwise, the statute could always be evaded by the pleader. I had occasion to examine this third section at large in Dennistoun v. Draper [Case No. 3,-804], and refer to the case for my views in respect to its provisions.

The only question in this case arising out of the act of July 27, 1868, that involves any difficulty, is that in respect to the parties claiming the right to a removal. Are all of them obliged to join in the petition, or may they not apply for it as they are served with process, or otherwise brought into court? In my judgment, they need not all join at the time of presenting the petition, but each, or as many as may see fit, may, without waiting, present the petition, and otherwise comply with the requirements of the act. I perceive no well grounded objection to this practice, but, on the contrary, it may be attended with convenience, and can work no prejudice to either party.

The learned counsel for the plaintiff seem to suppose that the solicitor is entitled to notice of the time and place of the presenting of the petition. But this is an error. The act prescribes no such practice, and it is otherwise under all the previous statutes providing for removals. No affidavits can be read before the state court, in opposition. The application on the petition is ex parte, and depends upon the papers upon which it is founded, and, if they are regular and conform to the requirements of the statute, the court has no discretion—the act is peremptory.

I am, also, of opinion, that, when one or more of the defendants have presented a petition and conformed in all respects to the act, and thus initiated the removal, it is not competent for the state court to take any proceedings in the cause, other than to perfect the removal as other defendants may appear and present their petitions. There may, as in the present case, be numerous defendants, and considerable intervals of time between the service of the process, and where it would be expedient that each should be at liberty to take the necessary steps to remove the cause so far as he is concerned and, in the meantime, it would be unfit, and might be a useless waste of time and expense, to all parties concerned, to proceed in the lititgation until the question of jurisdiction was determined.

I agree with the views of the counsel for the defendants, that the fact, that questions may arise, in the course of the litigation, besides those under the acts of congress, and which depend upon general principles of law, cannot withdraw the cause from the jurisdiction of the federal courts. This principle was settled in Osborn v. Bank of U. S., 9 Wheat. [22 U. S.] 738. and has been recognized as the settled law of the court ever since. Nothing can be added to the conclusiveness of the reasoning of Chief Justice Marshall upon the point, in that case. He observes: "If this were sufficient to withdraw a case from the jurisdiction of the federal courts, almost every case, although involving the construction of a law, would be withdrawn, and a clause in this constitution relating to a subject of vital importance to the government, and expressed in the most comprehensive terms, would be construed to mean almost nothing. There is scarcely any case, every part of which depends on the constitution, laws or treaties of the United States."

For the same reasons, I am of opinion, that the joining of defendants in a suit, not within the limitation, as prescribed by the act, with those who are, cannot be permitted to withdraw the cause from the jurisdiction of the federal courts. If this were admitted, the privilege extended to the parties setting up a right under the constitution and laws of the United States, would, in most, if not in every instance, be defeated. Indeed, if any such principle could be admitted, most of these acts of removal, depending principally upon the subject matter, and intended to secure the interpretation of the constitution and laws of the United States, at the original hearing, to its own judiciary, would be futile and worthless.

The act of 1833, which provides for the removal of suits against an officer of the United States, or other person, for acts done un-

der the revenue laws, could be readily evaded, by joining one or more persons with him not acting in that capacity. If these outside parties are deemed material, or are really material, to a complete remedy in behalf of the plaintiff, they must be regarded as subordinate and incidental to the principal litigation in respect to which the act of congress has interposed the remedy of removal. In this way, the right of the parties to have their defence under the constitution or laws of the United States, tried in the federal courts, is secured, and, at the same time, the remedy of the plaintiff is unimpaired.

It appears, from the papers before me, that a second petition was presented to the state court by all the defendants not included in the first, on the 27th of March, 1869, and the proper order entered for the removal. There appears to have been a full compliance with the terms of the act. It is objected, that the judge before whom the petition was presented, was not sitting in court but at chambers, when the papers were presented and the order of removal made. But, the affidavits before me show that the proceedings took place before the supreme court. It also appears, that the order, duly certified by the clerk of the court, which had been served on the opposite attorneys, was produced before Judge Blatchford, on the return to the alternative mandamus, by the counsel for the defendants in that proceeding, who suggested that the motion for the peremptory writ was inconsistent with that order, and that, if the order was inoperative, the peremptory writ was unnecessary.

The clerk will enter an order in conformity with this opinion, if Judge BLATCHFORD concurs in the result, and will also enter an order, on the motion of the defendants, to dissolve the injunction of July 17th, 1868, granted by the state court.

BLATCHFORD, District Judge. I concur in the result, that the motion of the plaintiff to remand the cause to the state court must be denied, and the injunction of July 17th, 1868, be dissolved.