

Joseph J. Marrin, for plaintiff.
Noah Davis, for defendant.

Prichard & Purves, for the rule.

BLATCHFORD, District Judge. As it is not denied, on this motion, that the plaintiff is an alien, I think the case ought to be remanded to the state court. It was removed here under the 12th section of the act of September 24, 1789 (1 Stat. 79), on the allegation that the plaintiff was a citizen of New York, and the defendant a citizen of Massachusetts. I do not think it falls within the principle of Dennistoun v. Draper [Case No. 3,804], and Wood v. Matthews [Id. 17,955]. If the question of the alienage of the plaintiff were seriously contested, it would be proper to retain the case for a trial of that question, on the merits, on formal issues in the cause. There can be no doubt of the power of this court to remand the cause, if it sees that there is no jurisdiction. Witetiqui v. D'Arbel, 9 Pet. [34 U. S.] 692, 701. The exercise of that power at this stage of the cause is a question of discretion; and, in this case, I think a proper exercise of such discretion requires that the case be remanded. The motion is granted, on condition that the plaintiff stipulates that the defendant have thirty days' time to answer the complaint, after a certified copy of the order herein shall have been filed in the state court.

Mr. Stover, contra.

CADWALADER, District Judge (orally). The case of Mays v. Bank, supra, was decided on the authority of Wickersham v. Nicholson, 14 Serg. & R. 118, which is not law here, because not founded on the present bankrupt act [Act March 2, 1867 (14 Stat. 517); amended by Act June 22, 1874 (18 Stat. 178)]. Rule discharged.

### Case No. 5,209.

GAMBLE et al. v. MASON.

[7 Am. Law Reg. 178; 42 Hunt, Mer. Mag. 589.]

Circuit Court, D. Maryland. Nov. Term, 1858.

### Case No. 5,208.

GALVIN v. BOYD.

[4 Wkly. Notes Cas. 288; 25 Pittsb. Leg. J. 14.]

Circuit Court, E. D. Pennsylvania. July 21, 1877.

