# U. S. CIRCUIT COURT.

STEELE MACKEY agt. MARSHALL H. MALLORY and GEORGE S. MALLORY.

*Removal of cause — Power of United States court to remand cause — When such power to be exercised — When the allegations of the removing party in the petition must prevail.*

Under the provision of section 5 of the act of March 3, 1875 (18 *U. S. Statutes at large*, 472), there is no doubt of the power of this court to remand a cause at any time before a formal trial of the plenary issues in it, whenever it appears that the court has no jurisdiction of the suit.

But the provisions do not require the court to remand the suit unless it appears that the suit does not involve a controversy properly within its jurisdiction. If the suit appears, on the removal papers and the prior record taken together to be a suit properly removable, it is not to be remanded if the question arises solely on those papers. It is the practice of the courts of the United States under the act of 1875, to try the question of jurisdiction on a motion to remand, and before the plenary trial.

For the purposes of the transfer of a cause, the petition for removal, which the statute requires, performs the office of pleading. Upon its statements, in connection with the other parts of the record, the court must act in declaring the law upon the question it presents. The record in the state court, which includes the petition for removal, should be in such a condition when the removal takes place as to show jurisdiction in the court to which it goes.

Where an action is brought by A. in a state court against B. and C. to obtain an adjudication that a contract made between A. and B. has been rescinded, and a reconveyance to A. of a certain play and a certain invention, which play and invention had been assigned to B., and for an accounting and an injunction to restrain B. from exhibiting said play or using or assigning said invention; and where the complaint states C. is made defendant by reason of his having obtained from B. an interest in said property and assets, and by reason of his having or claiming such interest adverse to the plaintiff :

*Held*, denying a motion to remand the case after its removal to this court, upon petition by B., before any answer was put in by either defendant, such petition setting forth that plaintiff is a citizen of the state of New York, while petitioner is a citizen of Connecticut, declaring that the alle-

gations in the complaint as to C. are untrue, that the record before the court shows jurisdiction, and that the allegations of the removing party in the petition must, at this stage of the case, prevail.

*Southern District of New York, April,* 1881.

*F. N. Bangs,* for plaintiff.

*James C. Carter,* for defendants.

BLATCHFORD, *J.* — This suit was brought in the court of common pleas for the city and county of New York. The complaint therein sets forth in substance that in July, 1879, the plaintiff and the defendant, Marshall H. Mallory, made a written contract, under which the former was to devote himself to the service of the latter as author, manager, actor, director, or in any other capacity having any connection with theatrical labor ; and the entire product of his labor and skill, and all copyrights and patents therefor, and all income therefrom, or from any play or invention of the former, and from the use of any of the services of the former anywhere, in any such capacity, were to be the exclusive property of the latter; and such copyrights and patents and income were to be assigned and paid to the latter ; and the former made certain covenants to secure said results ; and the latter agreed to pay to the former an annual salary of $5,000, in equal monthly installments, and also agreed that if the profits of the enterprises in which the services of the former should be employed by him should be equal to twice the amount of money, with interest, expended by him thereon, or if the amount so expended should be less than $30,000, when such profits should equal the amount so expended by him, with interest, and $30,000 in addition, then such annual salary should be increased by a sum equal to one-fourth of the net profits produced in each year thereafter from said enterprises ; such agreement to continue for ten years, with provisions for a renewal of it or for a termination of it at the end of any year, at the option of the latter and for certain benefits to the

former, under certain circumstances, on such termination; that the plaintiff has fully performed said contract; that he assigned to M. H. Mallory the copyright of a play called "Hazel Kirke," of which he was the author, and the exclusive right to a mechanical device, of which he was the inventor, called the "double stage," secured to him by letters patent of the United States; that said copyright and patent were of large value; that M. H. Mallory invested money in fitting up a theatre in New York, and in equipping a second company to present said play elsewhere, and in purchasing theatrical properties, which still exist and have a money value; that the said play and "double stage" have been used by M. H. Mallory in New York, in connection with each other, over 300 consecutive times, and said play has been performed elsewhere over one hundred times, and therefrom M. H. Mallory and the defendants have received large sums of money, out of which the current expenses of the performances have been paid, the receipts largely exceeding the expenses, and they have in their possession, as owners, property representing their investment, of the value of over $80,000; and they have realized in money more than $80,000 over all current expenses; that it was the duty of M. H. Mallory and the defendants, under said contract, to keep accounts of all moneys invested or expended thereunder, and of all moneys received from business transacted thereunder, and give to the plaintiff transcripts thereof or permit him to inspect them; that in May, 1880, said agreement was modified so that thereafter the salary of the plaintiff was to be $150 per week, and so that he should have five per cent per month and five per cent per annum of all profits above current expenses, instead of the twenty-five per cent; that in July, 1880, and since, the plaintiff has applied to the defendants for an account of the receipts and expenditures of moneys under said agreement, but they have refused to render him any account, save two scraps of paper, which are set out; that said scraps, as statements of account, are false, crediting to

the defendants moneys not expended; that in keeping their accounts, the defendants have omitted to set down as profits or earnings certain items named, which ought to be taken in account in determining the results and profits of the business; that since December 8, 1880, the defendants have refused to pay to the plaintiff a salary of more than $100 a week; that they have neglected to perform said agreement in other matters set forth, and have given themselves an erroneous specified credit; that some time after the making of said contract, and during the happening of the matters above stated, the defendant G. S. Mallory obtained from M. H. Mallory an interest in said contract and in the property and assets which had been accumulated by said M. H. Mallory under the operation of said agreement, and G. S. Mallory now has, or claims, such interest adverse to the plaintiff; that said play and said patent have no established market value, and it would be difficult, if not impossible, to estimate in money the plaintiff's loss by M. H. Mallory's having assigned said copyright and said patent, and that any compensation or indemnity to him for the breach of said contract would be inadequate which did not involve the restoration to him of said copyright and said patent; and that the plaintiff elects to treat said contract as rescinded and no longer obligatory upon him. The complaint prays for judgment: (1) That the contract has been rescinded and is no longer obligatory upon the plaintiff, and that he be restored to all he has lost thereby; (2) that said copyright and said patent be reassigned to him, or, if that is impracticable, that the defendants pay the value thereof to him, or such value be accounted for as profits realized under said agreement; (3) that an account of said profits be taken, and the plaintiff recover his lawful proportionate share thereof; (4) that the defendants be enjoined from exhibiting said play or assigning said copyright; (5) that they be enjoined from using said mechanical device or invention; (6) that a receiver be appointed of said play and invention and patent.

Mackey agt. Mallory.

Both of the defendants appeared by attorney on January 13, 1881. On the 22d of January, 1881, before any answer was put in by either defendant, H. M. Mallory presented to the state court a petition, setting forth that the plaintiff was, at the time of bringing the suit, and still is a citizen of New York, and the petitioner was, at the time of the bringing of this suit, and still is a citizen of Connecticut, and G. S. Mallory was, at the time of the bringing of the suit, and still is a citizen of New York; that the suit is one "in which there is a controversy which is wholly between citizens of different states, to wit, the plaintiff, a citizen of New York, and this petitioner, a citizen of the state of Connecticut, and which can be fully determined as between them, and in which controversy this petitioner is actually interested, and in which he is the only defendant actually interested; that, so far as it relates to him, the said suit is brought for the purpose of restraining and enjoining him, and is a suit in which there can be a final determination of the controversy, so far as concerns him, without the presence of the other defendant as a party in the cause; that said action or suit is brought by the plaintiff therein to obtain an adjudication that a contract made between plaintiff and this petitioner has been rescinded, and a reconveyance to the plaintiff of a certain play known as 'Hazel Kirke,' and of a certain invention, which said play and invention had been assigned to this defendant by the plaintiff by and in pursuance of said contract, and for an account of profits under said contract, and for an injunction restraining this defendant from performing or exhibiting said play or using the said invention, and for a receiver of said play and invention; that the defendant George S. Mallory, as appears from the complaint in said action, is made a defendant therein by reason of his having obtained from this petitioner an interest in said contract, and in property and assets which had been accumulated by this petitioner under the operation of said contract, and by reason of his having or claiming such interest adverse to the plaintiff; but this

petitioner says that said allegations of said complaint respecting said George S. Mallory is wholly untrue, and that said George S. Mallory has not and never has had any interest in said contract or in said property or assets so alleged to have been accumulated, and has never received any of the profits arising from the enterprises mentioned in said contract;" and that the petitioner "desires to remove the said suit, or to remove the same as against your petitioner, into the circuit court of the United States for the southern district of New York." On this petition, and a bond, the defendant M. H. Mallory moved in a state court, on notice to the plaintiff, that the court accept said petition, bond and surety, and proceed no further in the action or no further therein against him. The motion was opposed by the plaintiff and the court denied it, and ordered "that the court do proceed in the action." In assigning the reasons of its action, the court (J. F. DALY, J.) held that it was its duty to examine the right of removal; that, as the right of removal depended on the nature of the controversy, such right must be determined by an inspection of the complaint as the only pleading then before the court; that the petition for a removal was not a pleading, and could not vary the cause of action stated in the complaint; that the defendant could not use his petition as a pleading to raise an issue with the plaintiff on the allegations of the complaint, and show a controversy entitling him to remove the cause; that the denial in the petition as to George S. Mallory did not show the controversy to be one wholly between the petitioner and the plaintiff; that if the complaint states a cause of action which can be determined only when all the parties to the action are before the court, a denial by one of the defendants of the facts set forth in the complaint does not sever the controversy as to him nor show that the cause may proceed as against himself without the presence of the other defendant; that an injunction is not the sole object of the action as respects M. H. Mallory, as required by subdivision 2 of section 639 of the Revised Statutes of the United States; that under

that subdivision there cannot be a final determination of the controversy, so far as concerns him, without the presence of G. S. Mallory as a defendant under the allegations in the complaint; and that under section 2 of the act of March 3, 1875 (18 *U. S. Stat. at Large*, 470), there is not a controversy which is wholly between the plaintiff and M. H. Mallory, and which can be freely determined as between them, for the reason that on the complaint, the plaintiff has no controversy with M. H. Mallory separate from G. S. Mallory.

There has been filed in this court, on the part of one or both of the defendants, a copy, certified by the clerk of the state court, of the record of that court. The plaintiff now moves in this court to remand the cause to the state court. The motion is opposed by counsel for M. H. Mallory. It is contended by him that the question of the existence of the facts on which the right of removal depends is an issuable question, which can be determined only in this court, and cannot be finally determined here on this motion, but only on a regular trial hereafter; that for the purposes of a removal, nothing can be permitted to contravene the allegations of the petition in the particulars in which those allegations deny the allegations of the complaint as to the interest of George S. Mallory, or in the particulars in which a case within the removal statutes is affirmatively stated in the petition; and that, as the petition states that the suit is brought for the purpose of restraining or enjoining M. H. Mallory, that is sufficient under said section 639, although the complaint asks an injunction against G. S. Mallory also. The principal contention on the part of the defendant is that in this case the question whether the controversy between the plaintiff and M. H. Mallory can be determined fully and finally as between them, without the presence of G. S. Mallory, can be decided only on the final trial in this court on all the evidence to be taken; that as on the allegations of the petition, the controversy may be one which, so far as concerns M. H. Mallory, can be determined without the presence of G. S. Mallory, the case must

Mackey agt. Mallory.

be retained by this court until it shall finally decide that matter; that this court cannot grant this motion unless it can certainly see now that G. S. Mallory has such an interest that it is clear the controversy, as between the plaintiff and M. H. Mallory, cannot be determined without the presence of the other defendant; and that, in respect to the inconsistency between the allegations of the complaint and those of the petition, the latter must control, or else the case can never reach that stage where the matter can be definitely determined by this court. Succinctly stated, the view urged is that where the removal depends on the nature of the controversy, in respect to the necessary parties to it, the nature of the controversy is not dependent on the shape which the plaintiff gives to the controversy when it is developed by the proofs; that when the petition for the removal avers the existence of such a controversy as would, if the allegation were true, authorize a removal, and the petition admits nothing stated in the complaint, and takes notice of nothing in it except to controvert it, the state court must cease from its jurisdiction; and that, where there is a conflict between the complaint and the petition, the petition alone must be regarded. In support of these views it is suggested that when the case is fully developed by the proofs, it may turn out that there is in it a controversy between the plaintiff and M. H. Mallory, to which G. S. Mallory is not, and never was, a proper party; that such a state of facts will show that M. H. Mallory, at the time he presented his petition for removal, had a right to remove the suit; and that, if not now allowed to remove it, his formal proceedings being regular, it will then appear that he has been deprived of a right.

In *Denniston* agt. *Draper* (5 *Blatchford C. C. R.*, 336) it was held by this court that where the defendant had taken proceedings under section 3 of the act of March 2, 1833 (4 *U. S. Stat. at Large*, 633), to remove into this court a suit brought in a state court, the removal was inoperative if the proceedings were in conformity with the act; that the ques-

tion whether the defendant had, in fact, a right to remove the suit, could not be raised by a motion to this court, before the trial, to remand the cause to the state court; and that any question as to the jurisdiction of this court in the premises, based on the point of an alleged absence of right in the defendant to remove the suit, could be raised at the trial.

That was an action of replevin, brought in the state court, to recover the possession of cotton. The defendant removed the case, under the act of 1833, by *certiorari*, claiming that he was in possession of the cotton, as an officer, under the revenue laws of the United States. The plaintiff moved to remand the cause on affidavits alleging that the defendant was simply a tort feasor. The motion was denied on the view that it was not proper, if it was competent, for this court to determine, upon motion, the disputed jurisdictional facts involving the right or legality of the removal, and that the proper place to hear and determine them was on the trial. The same view was held by Mr. justice NELSON in *Fisk* agt. *Union Pacific Railroad Company* (8 *Blatchford C. C. R.*, 243).

Those cases were prior to the enactment of section 5 of the act of March 3, 1875 (18 *U. S. Stat. at Large*, 472), which provides that if, in any suit removed, it shall appear to the satisfaction of the circuit court, at any time after such suit has been removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of the circuit court, the circuit court shall proceed no further therein but shall dismiss the suit or remand it to the court from which it was removed as justice may require. Under this provision there is no doubt of the power of this court to remand a cause at any time before a formal trial of the plenary issues in it, whenever it appears that the court has no jurisdiction of the suit. In fact, the statute is imperative that whenever such want of jurisdiction appears the court shall dismiss or remand the suit. But the provisions do not require the court to remand the suit unless it appears that the

suit does not involve a controversy properly within its juris-diction. If the suit appears on the removal papers and the prior record, taken together, to be a suit properly removable it is not to be remanded, if the question arises solely on those papers, as it does in this case. This view does not affect cases like *Galvin* agt. *Boutwell* (9 *Blatchf. C. C. R.*, 470) and *Heath* agt. *Austin* (12 *id.*, 420), where, even before the act of 1875, the question of citizenship was tried on affidavits in this court on a motion to remand. The same thing was done after the act of 1875 in *Sawyer* agt. *Switzerland Marine Insur-ance Company* (14 *id.*, 451). It is the practice of the courts of the United States, under the act of 1875, to try the ques-tion of jurisdiction on a motion to remand and before a plenary trial. In *Gold Washing Company* agt. *Keyes* (6 *Otto*, 199) the circuit court did this and remanded the cause, and the supreme court, on a writ of error taken under section 5 of the act of 1875, affirmed the judgment of remand on the ground that on the pleadings in the state court and the peti-tion for removal taken together, the jurisdiction of the circuit court did not appear. The same course was taken in *Bible Society* agt. *Grove* (11 *Otto*, 610) and in *Jifkins* agt. *Sweetzer* (1 *Morrison's Transcript*, 109.) The question of jurisdiction was not left to be tried at the formal trial of issues raised by the pleadings. The question to be determ-ined on this motion is whether the record before this court shows jurisdiction or a want of jurisdiction.

In *Gold Washing Company* agt. *Keyes*, above cited, it is said: "For the purposes of the transfer of a cause, the peti-tion for removal which the statute requires performs the office of pleading. Upon its statements, in connection with the other parts of the record, the court must act in declaring the law upon the question it presents." Again, "the record in the state court, which includes the petition for removal, should be in such a condition when the removal takes place as to show jurisdiction in the court to which it goes. If it is not, and the omission is not afterwards supplied, the suit must

be remanded." Certainly the petition in this case shows a remarkable case under the act of 1875, because it avers that the allegations of the complaint respecting G. S. Mallory are untrue, and that he has not and never has had any interest in the subject-matter of the suit. Even taking into view the complaint with the petition, it does not appear that this court has not jurisdiction of the suit. For the purposes of a removal, the allegations of the removing party in the petition must, at this stage of the case, prevail, and the suit must, for the present, be retained in this court.