Elijah G. Barney *vs.* New Albany & Salem Railroad Co.

In Special Term — June 1855.

GHOLSON, J. presiding.

ELIJAH G. BARNEY *vs.* NEW ALBANY & SALEM RAILROAD COMPANY.

Where process issues against a foreign corporation, and the sheriff returns that he served a certified copy of the summons on one of the directors personally; held, that this was an insufficient service.

In no case can a foreign corporation be served with process in the mode prescribed by § 66 of the Code.

Unless a foreign corporation has within the State a managing agent, for the ordinary transaction of its business, it cannot be held liable in our Courts by any proceeding *in personam.*

Upon the summons issued in this case, the sheriff endorsed a special deputation to Joseph Bruen, to serve the writ on the defendant. The affidavit of the special deputy stated, "that he served a certified copy of this summons on Jesse G. Brown, one of the directors of the New Albany and Salem Railroad Company personally." The sufficiency of this service was submitted to the Court with the suggestion that it could be so amended as to show that Brown was a financial agent of the defendant, a foreign corporation attending to business of that character in the city of Cincinnati, and that no other officer of the company could be found within the jurisdiction of the Court.

GHOLSON, J.

There are two sections of the Code, which appear to have been intended to regulate the service of process on corporations, of the character of the one sued in this action. Section 56, which appears to be intended to provide for domestic corporations, authorizes the service upon the president, mayor, chairman of the Board of Directors, or trustees, or other chief officer. If such chief officer

Elijah G. Barney *vs.* New Albany & Salem Railroad Co.

is not found in the county, service may be made on the cashier, treasurer, secretary, clerk, or managing agent. If none of such officers can be found, service may be made by leaving a copy at the office, or usual place of business of the corporation, with the person having charge thereof. Section 68 provides, that "where the defendant is a foreign corporation, having a managing agent in this State, the service may be on such agent."

I have a strong impression, as already intimated, that in no case could a foreign corporation be served in the mode prescribed in section 66. It is not to be supposed that the legislature intended that the officers of foreign corporations, by visiting our State, would render subject to the jurisdiction of its Courts, the bodies with which they were connected. Such a course would certainly be impolitic and unjust. When a foreign corporation, from the nature of its business, has a managing agent located in the State, it is just and proper that there should be a liability to be sued by a service of process on such agent. This appears to have been the intent of Section 66. But under no view of either Section could service be made on a person who was simply one of the directors of the company, though he might be also attending to the financial business of the company, or be a financial agent.

In any view of the Statute, in my opinion, the service in this case, as it stands, is not sufficient, and I do not see how it would be helped by the amendment that has been suggested.

Unless a foreign corporation has within the State a managing agent for the ordinary transaction of its business, there does not appear to be any propriety in attempting to subject it to be sued in our Courts by any

proceeding *in personam.* The process of attachment or a proceeding by publication would be in most cases amply sufficient for securing the rights of our citizens. It would be an unwise policy to deter the officers of foreign corporations from visiting our city, or State, for purposes either of business or pleasure, by holding out the idea that the companies they represent would thereby be in danger of having to litigate in another forum than that of the State or county in which they are located, demands or claims either in the hands of our citizens, or the citizens of other States.

The service will be held insufficient.