THE WHEELING, PARKERSBURG AND CINCINNATI TRANSPORTATION COMPANY *v.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

Where summons was issued against a foreign corporation and the return of the sheriff was as follows: "Served the within named the Baltimore and Ohio Railroad Company, by delivering a true copy hereof to H. F. Heckert, the general freight agent of said company, personally, at the usual business office of said company, no other chief officer being present :"

*Held*, that the amendment to section 66 of the Code does not repeal section 68, and that under section 68 this service is sufficient.

In General Term on Error.

*S. & S. R. Matthews*, for plaintiff.

*Hoadly & Johnson*, for defendant.

HAGANS, J. These are two foreign corporations, and the cause of action arose out of this State. The suit is for damages done to the steamer "Rebecca." It is alleged that the defendant was constructing a railroad bridge across the Ohio river at Parkersburg, and for that purpose used a barge, which, on the night of December 7, 1869, was unlawfully and negligently left tied to one of the stone piers of said bridge, swinging in said river, in the course vessels usually take in ascending and descending, without lights or watch on the barge. By reason of which the "Rebecca," without her fault or negligence, ran upon the said barge, and, by mere force of the blow and collision, a hole was broken in the forward part of the hull, whereby she was sunk and became totally lost, to the damage of the plaintiff thirty thousand dollars. Summons was issued and service was had as follows: "Served the within named the Baltimore and Ohio Railroad Company, by delivering a true copy hereof to H. F. Heckert, the general freight agent of said company, personally, at the usual business office of said company, no other chief officer being found." A motion was made, the defendant appearing for that purpose only, to quash and set aside the service of the summons.

On the hearing of the motion, it appeared that Heckert's agency consisted of contracting for freight over defendant's road, and in attending to the transfer of freight to and from the connecting roads of the defendant's road, which has been shipped to or from any point on defendant's road on through bills of lading; that the defendant is a foreign corporation, operating lines of railroad in Maryland, Virginia, and West Virginia, having possession of two lines of said road in Ohio by lease—one extending from Bellair to Columbus, and the other from Newark to Sandusky, no part of either of which roads or branches extends into or within Hamilton county, Ohio. It also appeared that the line of the Marietta and Cincinnati Railroad extended from a point opposite Parkersburg into Cincinnati, in which line the defendant is largely interested, as an owner of stock, more

than any other single stockholder, but less than a majority of said stock; that the relations of the two corporations are those of close amity, and running arrangements exist between them by parol, by which through freight passes over either road from the other without change of cars, upon a *pro rata* division of the compensation, and that the vice-president of defendant is president of the Marietta and Cincinnati Railroad Company; and that the same running arrangement exists between defendant and the Little Miami Railroad Company; and as a specimen of the manner of doing the business, a blank bill of lading is attached to the bill of exceptions, in which said Heckert is styled "general agent."

The judge at Special Term overruled the motion, and exception was taken.

This is a transitory, not a local action, which may be brought wherever service can be obtained, as we find nothing in our statutes to restrict jurisdiction. All foreign corporations doing business in Ohio do so by the comity of the States. It did not unfrequently occur that they objected to the jurisdiction of our courts, although reaping great profits from business done in the State; and so the legislature has made special provision with respect to foreign life insurance companies (S. & S. 222), and general provisions with respect to other foreign corporations, as to service of summons.

By section 68 of the Code, which has never been repealed or amended, "where the defendant is a foreign corporation, having a managing agent in this State, the service may be upon such agent."

This court has, in the case of *Hopkins* v. *The Baltimore and Ohio Railroad Company*, which was an action for personal injuries arising out of this State, where the service was on the same H. F. Heckert, as agent, held that he was a managing agent within the meaning of this section. *American Express Company* v. *Johnston*, 17 Ohio St. 641.

But it is said that section 66 of the Code was amended since the decision of that case, and that now service must

be had under it. See S. & S. 542. This section, before its amendment, was held by the court, in *Barney* v. *The New Albany and Salem Railroad Company*, 1 Handy, 571, not to apply to foreign corporations. The amendment is as follows: "And if such corporation be a railroad company, either foreign or created by the laws of this State, and whether the charter of such company prescribe the manner and place, or either, of service of process on such company, such summons may be served upon any regular ticket or freight agent of such company in any county in this State in which such railroad may be located or through which the same may pass." And it is claimed that inasmuch as the railroad of the defendant is not located in this county, nor passes through it, no service in any case can be had on the defendant, except by way of proceedings in foreign attachment. But we do not understand that the amendment to section 66 of the Code has repealed section 68, any more than the same amendment repeals section 49 as amended, which provides for service on railroad companies created by the laws of this State. See S. & S. 542. By comparing the provisions of the Code and the various amendments in this regard, it will be seen that the policy of the legislature of this State has reference to the convenience of our citizens in asserting rights, and to the accessibility of the tribunal, where wrongs are inflicted by these corporations. So that now even the ticket or freight agents scattered along at the various stations, in every county through which the line of the road passes, whether owned or leased, may be served with process. These provisions of the Code are therefore cumulative, not restrictive or exclusive.

The judgment will be affirmed.