PETRY (FRINK v.). See Case No. 5,128.

## Case No. 11,042.
PETTERSON v. CHAPMAN et al.
BROWNSON et al. v. SAME.
[13 Blatchf. 395.] [1]
Circuit Court, N. D. New York. June 7, 1876.

REMOVAL OF CAUSES—ACT OF MARCH 3, 1875—CITIZENSHIP OF PARTIES.

1. Citizens of New York brought an action of trover in a state court against a citizen of New York and citizens of Connecticut. All the defendants took proceedings to remove the suit into this court, under the second section of the act of March 3, 1875 (18 Stat. 470), as being a suit in which there was "a controversy between citizens of different states." Held, that the controversy in the suit was not one between citizens of different states, and that the cause must be remanded to the state court.

[Cited in Sawyer v. Switzerland Marine Ins. Co., Case No. 12,408. Followed in Van Brunt v. Corbin, Id. 16,832. Approved in Boyd v. Gill, 19 Fed. 147, 149.]
[Cited in Simmons v. Taylor, 83 N. C. 148.]

2. The only changes introduced by this part of the second section of the act of 1875 are, that either party, plaintiff or defendant, may remove the cause, and that it is no longer necessary that either party shall be a citizen of the state in which the suit is brought; but it still remains necessary that the state citizenship of each individual plaintiff shall be different from the state citizenship of each individual defendant, to authorize a removal under this part of said section.

[Cited in Donohoe v. Mariposa L. & M. Co., Case No. 3,989. Followed in Van Brunt v. Corbin, Id. 16,832. Cited in Eureka Consolidated Min. Co. v. Richmond Consolidated Min. Co., 2 Fed. 830; Edwards v. Connecticut Mut. Life Ins. Co., 20 Fed. 453.]

[These were actions at law by Peter G. Petterson against William P. Chapman, Henry P. Chapman, and Alfred Woodbridge, and by Morton Brownson and Charles Ennis, executors, etc., against the same defendants, for the conversion of certain securities belonging to the plaintiffs. Heard on motion to remand the causes to the state court.]

Clark Mason, for plaintiffs.
James S. Stearns, for defendants.

[2] [From 9 Reporter, 167.]
19FED.CAS.—25

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

JOHNSON, Circuit Judge. These motions to remand to the supreme court of New York the causes above entitled are made upon the ground that the second section of the act of March 3, 1875 (18 Stat. 470), does not authorize their removal into this court. The plaintiffs and the defendant Woodbridge are citizens of New York, while the defendants Chapman are, or are alleged to be, citizens of Connecticut. Each action is for the conversion by the defendants, who were doing business as brokers, and were in partnership, of certain securities belonging to the respective plaintiffs. The application for removal was made, in each action, by all the defendants.

The second section of the act referred to consists of two branches, the latter of which relates to cases in which the application to remove the cause into the circuit court is made by less than the whole number of plaintiffs or of defendants. It provides for cases in which more than one controversy, or a principal and subordinate controversies, are involved in one suit. This was also the case in the act of July 27, 1866 (14 Stat. 306), which enacted, that, in a suit by a citizen of a state against a citizen of another state, and also a citizen of the same state as the plaintiff, if the controversy might finally be determined between the plaintiff and the citizen of the other state, without the presence of the other defendant, it might be removed. Osgood v. Chicago, D. & V. R. Co. [Case No. 10,604]. The state of facts does not exist, in the case under consideration, to which the latter part of the section can be applied, and it is, therefore, not immediately involved.

The first part of the section provides, that any suit of a civil nature, involving a certain amount, then pending, or thereafter brought, in a state court, "in which there shall be a controversy between citizens of different states," may be removed by either party into the circuit court of the United States. The precise question presented is whether the controversy in this suit is one between citizens of different states; for that is the case in which alone the power of removal exists.

The judicial power of the United States extends, by force of the constitution, among other subjects, to controversies between citizens of different states. On the other hand, it does not, in express words, at least, extend to controversies between citizens of the same state, when the power rests on citizenship alone. By the first section of the act before cited, the original jurisdiction of the circuit courts of the United States extends to suits "in which there shall be a controversy between citizens of different states;" and, as we have seen, in the second section, the power of removal is, in this respect, conferred in the same terms. Under sections 11 and 12 of the judiciary act of September 24, 1789 (1 Stat. 78, 79), the jurisdiction of the circuit courts extended to suits between a citizen of the state where the suit is brought and a citizen of another state, and the power of removal of cases begun in the state courts was expressed in the same terms. Upon the words thus employed, the construction was early settled, that the designation was intended to embrace all the persons who are on one side, however numerous, so that each distinct interest must be represented by persons all of whom are entitled to sue, or are liable to be sued, in the courts of the United States. This doctrine was reaffirmed in Susquehanna & W. V. Railroad & Coal Co. v. Blatchford, 11 Wall. [78 U. S.] 172, and is unquestioned law. In the act of March 2, 1867 (14 Stat. 558), a power of removal was given in a suit in a state court "in which there is controversy between a citizen of the state in which the suit is brought and a citizen of another state," in favor of the latter, whether he was plaintiff or defendant, upon certain conditions. It was held in Case v. Douglas [Case No. 2,491] that the settled construction of the former acts was applicable to and governed this; and, in the case of Sewing Machine Cos., 18 Wall. [85 U. S.] 553, the supreme court held the same view. Mr. Justice Clifford, in giving the opinion of the court, says: " 'A suit by a plaintiff against a defendant,' must mean substantially the same thing, in the practical sense, as 'a suit in which there is controversy between the parties.' " The change of expression introduced in the act of 1875 does not, as it seems to me, affect this principle of construction. "A controversy between citizens of different states" must mean substantially the same thing, as to the diversity of citizenship ex tending to every person who is a party on the other side. The new phrase merely omits one qualification expressed in the other phrase. It is no longer necessary that one party should be a citizen of the state in which the suit is brought. He may be a citizen of any state, if the other party be not a citizen of that state, but of another. But this leaves untouched the principle established by the cases, that the party on each side, though consisting of several individuals, is, for that purpose, to be regarded as one, and that each individual must possess the requisite citizenship. The changes introduced, by this part of the section of the act in question, are, that either party, plaintiff or defendant, may remove the cause, and that it is no longer necessary that either party shall be a citizen of the state in which the suit is brought. It still remains necessary that each individual plaintiff shall be of different state citizenship from that of each individual defendant, to authorize a removal under this part of the act.

The principle running through all the cases which have been referred to is, that the requisite jurisdictional citizenship must exist as to each individual plaintiff or defendant; and that what would be necessary if there were but one individual on each side remains necessary, as to each individual,

when there are more than one. This construction does not appear to rest so much upon the particular words employed in the several statutes, as upon the acceptance of the general idea, that, when jurisdiction depends alone upon citizenship, the fact that it exists as to one person does not in the least afford a foundation for asserting it over another. The fact of citizenship is entirely personal, and so is the grant of jurisdiction, founded upon the fact. This view appears to me to be disclosed in, and to have been acted upon in, all the cases from Strawbridge v. Curtiss, 3 Cranch [7 U. S.] 267, the earliest, down to Sewing Machine Cos., 18 Wall. [85 U. S.] 553.

The phrase of the judiciary act, "a suit commenced by a citizen of a state in which the suit is brought, against a citizen of another state," and that of the act of 1867, "a suit in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state," have been held alike to require the jurisdictional citizenship in each individual. In the last phrase, if we say, "a controversy between a citizen of one state and a citizen of another state," we drop out the requirement of citizenship in the state where the suit is brought, but make no other change, and certainly none in the necessity of the construction so long established, as to the requisite citizenship of each individual. On that point there is no room for discrimination. The present act embodies precisely this idea, neither more nor less, conveying it in fewer words—"a controversy between citizens of different states." When there is such a controversy, either party may remove it. Either party to the controversy includes each individual on the one or the other side; and, on the principles of the adjudged cases, the jurisdictional requirement must exist in respect to each individual. The difference of citizenship must exist between the plaintiffs, on the one hand, and the defendants, on the other. Diversity of citizenship, as to those between whom the controversy exists, is alone regarded. Nothing is affirmed as to diversity of citizenship between the plaintiffs, on the one hand, alone, and between the defendants alone, on the other; for, between them there would be no controversy. Yet, upon the construction claimed by the defendants, such a diversity necessarily carries the right of jurisdiction to the circuit court; for, upon that construction, if one plaintiff is of different state citizenship from the others, then, whatever may be the citizenship of the defendants, whether of one or more states, there will be a controversy between citizens of different states. Thus, the word "controversy" will be eliminated from the case of jurisdiction, and that will attach, whenever the individuals engaged in a suit include citizens of more than one state. Unless the construction is adopted which requires the jurisdictional fact

to exist as to each individual among the parties, every litigation may be originally commenced in, or may be drawn to, the courts of the United States, in which any individual among the plaintiffs or defendants is of a different state citizenship from a single individual of the other party. If all the individuals who are plaintiffs, except one, are citizens of New York, and they bring their suit, in the courts of New York, against defendants all of whom are citizens of New York, upon the construction which I think should be rejected, the defendants could remove the cause into the circuit court of the United States, and it might originally have been brought in that court. Such a case does not, in my opinion, present a controversy between citizens of different states, within the meaning of either the constitution or the laws.

It is suggested, that the nature of the claim, being for a conversion of personal property, and, therefore, maintainable against either defendant alone, is material. But, to this it must be answered, that the plaintiffs have the election to proceed in the same suit against all the defendants; and that the defendants have sought and obtained the removal in their joint right, and upon their joint application. The case discloses but one controversy, and that can be fully determined only between all the parties. Smith v. Rines [Case No. 13,100]. In my opinion, these cases were not rightfully removed into this court, and should be remanded to the supreme court of New York.