## Case No. 12,408.

SAWYER et al. v. SWITZERLAND MAR. INS. CO.

[14 Blatchf. 451.] 1

Circuit Court, S. D. New York. May 18, 1878.

REMOVAL OF CAUSES—JURISDICTIONAL CITIZENSHIP.

Where the defendant removed a suit into this court, under section 2 of the act of March 3, 1875 (18 Stat. 470), on the ground that the defendant was a Swiss corporation, and that the plaintiffs, three in number, were citizens of the state of New York, and it appeared that two of the plaintiffs were, when the suit was commenced, aliens and British subjects, and the third was a citizen of New York, the cause was, on the applications of the plaintiffs, remanded to the state court, on the ground that the requisite jurisdictional citizenship must exist as to each individual plaintiff.

[Cited in Mackaye v. Mallory, 6 Fed. 751; Boyd v. Gill, 19 Fed. 147.]

[This was an action by Samuel A. Sawyer, David L. Wallace, and Thomas Miller against the Switzerland Marine Insurance Company on a policy of insurance. Heard on motion to remand.]

Clarence A. Seward, for the motion.
Simon Sterne, opposed.

BLATCHFORD, Circuit Judge. The plaintiffs, as copartners, brought this suit against the defendants, a corporation created by the republic of Switzerland, in the supreme court of New York, on a policy of insurance issued to the plaintiffs as copartners, by their copartnership name. The defendants instituted proceedings, under the second section of the act of March 3, 1875 (18 Stat. 470), to remove the suit into this court, on a petition alleging that, when the suit was brought, the plaintiffs were citizens of the state of New York. An order of removal was made by the state court. and, a copy of the record having been entered in this court, the plaintiffs now move to remand the suit to the state court, on the ground that, when the suit was commenced. Wallace and Miller were aliens, and subjects of Great Britain, while Sawyer was a citizen of the state of New York. The statute provides, that, when the suit is a suit in which there is "a controversy between citizens of a state and foreign states, citizens or subjects," either party may remove the suit into the proper circuit court. I think that the views laid down in the various decisions of the supreme court, from Strawbridge v. Curtiss, 3 Cranch [7 U. S.] 267, to the Case of Sewing-Mach. Cos., 18 Wall. [85 U. S.] 553, and which views were applied by this court in Petterson v. Chapman [Case No. 11,042], to the case of a removal under the clause of the same second section

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

which provides for the removal of a suit in which there is "a controversy between citizens of different states," require that this application should be granted. The plaintiffs must all of them be citizens of a state, and the defendants must all of them be foreign citizens or subjects. The plaintiffs are not all of them citizens of a state. Two of the plaintiffs are aliens. The requisite jurisdictional citizenship must exist as to each individual plaintiff. The party on each side, though consisting of several individuals, is, for the purpose of removal, to be considered as one individual. It is the "party" who alone can remove the suit. This case stands in no different position from that which it would occupy if Sawyer had not been a member of the copartnership, in which case, the suit being one between foreign citizens on the one side, and foreign subjects on the other, the case would not be removable under the section in question. The rule is especially applicable to a case like this, where the alien members of the copartnership are necessary parties to the suit.

An order must be entered remanding the case to the state court.