MOHR & MOHR DISTILLING CO. *v.* INSURANCE COS.*

*(Circuit Court, S. D. Ohio, W. D.* June, 1882.)

1. ACTIONS UPON INSURANCE POLICIES TRANSITORY, NOT LOCAL.

An action upon a policy of insurance is transitory, not local, and may, therefore, be brought wherever the company issuing the policy can be found, without regard to where the contract of insurance was made, or the subject thereof was located.

2. ACTIONS AGAINST FOREIGN CORPORATIONS IN UNITED STATES COURTS—SERVICE OF PROCESS UPON AGENTS.

Where foreign corporations establish agencies in a state whose laws provide that they may be summoned by process served upon such agents, they are "*found*" within the district in which such agent is doing business, in the meaning of the act of congress of March 3, 1875, (18 St. at Large, 470,) and may be served in the same manner in suits brought in the courts of the United States.

3. FOREIGN INSURANCE COMPANIES IN OHIO—CONSENT TO BE SUED.

*Semble,* that the consent to be sued through certain agencies, required before foreign insurance companies are allowed to transact business in Ohio, is not limited simply to causes of action arising within the state, but extends to all transitory actions.

*Moulton, Johnson & Levy* and *W. H. Jones,* for plaintiff.

*Follett, Hyman & Dawson* and *Gary, Cody & Gary,* for defendant.

MATTHEWS, Justice, (*orally.*)   In each of these cases the plaintiff is a citizen of Indiana, and the defendants are corporations in states other than Ohio, but each of which is licensed under the laws of Ohio to transact insurance business within this state, having agents appointed for that purpose, and actually transacting business in this state.   The causes of action are upon policies of fire insurance issued by these companies, the subject of the insurance being property in the state of Indiana.   The defendants have been sued here, and process has been served upon their agents.   Motions were made heretofore to set aside that service, on the ground that this court did not have jurisdiction of the several causes of action, or over the persons of these defendants.   The court, of course, has jurisdiction of the subject-matter in case the parties are right.   The controversies are between citizens of different states, so that, in that respect, the court has jurisdiction, and the question then is reduced to one of jurisdiction over the persons.   It is conceded that these actions might be maintained in the state courts of Ohio, notwithstanding the policies may not have been issued by the agencies in this state, and although the subject of the insurance is not in this state.

*Reported by J. C. Harper, Esq., of the Cincinnati bar.

*Mr. Hyman.* That is not conceded, your honor.

*Matthews*, J.   I assume it, then; because I think it is clear that these actions might be brought in the state courts, notwithstanding the fact that the policies of insurance may have been issued by the companies through agencies not in this state, and although the subject of the insurance is not in this state.

The action of *assumpsit* or covenant (as might have been brought in these cases) upon a policy of insurance is not local but transitory, and may be brought wherever the defendant is found; and, under the general provision of the Code of Procedure in this state, I assume it to be indisputable that an action might be maintained.   It might be maintained in either of two forms; that is, in either of two modes of procedure.   If there had been found property of the company, the process might have been by a foreign attachment, and if so, personal service need not have been had, and the judgment would have only gone to the extent of the property found, which might be subjected to the payment of it.   Or if the corporation had a managing agent, (as described in the Code of Procedure of this state,) upon whom service could be made, it might have been brought in personally and made to answer to a personal judgment, and that judgment would have been conclusive between these parties in any other forum.

Now, of course, an action cannot be commenced in this court against a defendant by attachment.   It must be by a personal service, because the act of congress provides that the action shall be brought in the district *where the defendant is an inhabitant, or in which he may be found,* and the question is whether, under the circumstances of this case, these defendants have been found in this district.

The statutes of Ohio have provided, as I have already indicated, the mode by which foreign corporations transacting business in this state, and represented by agents in this state, may be summoned to answer any cause of action transitory in its nature.

The insurance law itself requires that they should expressly assent to its terms and consent to be sued through certain agencies before they are allowed to transact business in this state.

The defence is that that consent only goes to the extent of the terms of that statute, and is reasonably construed to cover only the transactions arising under it.   But, even if that were so, I should still think that under the other general provisions of the statute making provision for service of process upon managing agents of foreign corporations, their coming into the state by means of such agents for the purpose of transacting business was necessarily an assent to

being sued in that way, and constituted them personally within the district, in such a sense as that they may be said to be found by process when issued against them and served on these agents.

I think this is a necessary result of the application of the doctrine contained in the case of *Railroad Co.* v. *Harris*, decided by the supreme court, in 12 Wall. 65, and I do not see that it is possible to distinguish these cases from the case of *Ex parte Schollenberger*, 96 U. S. 369; although in that case the cause of action was one which arose under the operation of a law which authorized the companies to transact business in the state of Pennsylvania.

The only distinction, then, between the two cases is that here the causes of action were not created by the action of the agents of the corporations in this state. But, by virtue of the general provisions of the statute relating to service on foreign corporations, even on the supposition that I am not authorized to construe the insurance law itself as requiring them to assent to be sued with reference to all causes of action,—and I do not think it can be limited,—I have thought this service was rightly had. The motions are granted vacating the former orders setting aside the service in these cases, and the cases are reinstated.

## NOTE.

The act of March 3, 1875, (1 Rev. St. Supp. p. 470, *c.* 137, § 1,) adopts the phraseology of the constitution, and enlarges the jurisdiction of the circuit court to the full extent of the powers of congress over the subject, and repeals the previous limitation requiring one of the parties to be a citizen of the state where the suit is brought. *Eureka Mining Co.* v. *Richmond Mining Co.* 2 FED. REP. 829; Dillon, Removals, (3d Ed.) pp. 26, 27: *Peterson* v. *Chapman*, 13 Blatchf. 395; *Brooks* v. *Bailey*, 9 FED. REP. 438; *Cooke* v. *Ford*, 16 Am. L. Reg. 417; *Taylor* v. *Rockefeller*, 18 Am. L. Reg. 306, and note, p. 310; *Sheldon* v. *Keokuk Packet Co.* 1 FED. REP. 792; *Osgood* v. *Chicago, etc., R. Co.* 7 Chi. Leg. N. 241; *Mayo* v. *Taylor*, 8 Chi. Leg. N. 11; *Clippinger* v. *Missouri Valley L. Ins. Co.* Id. 156; *Seckler* v. *Backhaus*, 9 Chi. Leg. N. 161.

Section 739, Rev. St., provides that defendant can be sued only in the district where he resides *or may be found.* But corporations may be found for service of process wherever they are doing business. *Wilson Packing Co.* v. *Hunter*, 8 Cent. Law J. 333; *Railroad Co.* v. *Harris*, 12 Wall. 65; *Ex parte Schollenberger*, 96 U. S. 369; *Moulin* v. *Ins. Co.* 1 Dutch. 57; *Moch* v. *Ins. Co.* 10 FED. REP. 690; *Wheeling, etc., Transp. Co.* v. *B. & O. R. Co.* 1 Cin. Sup. Ct. Rep. 311; *Hannibal, etc.. R. Co.* v. *Crane*, 102 Ill. 249; *Handy* v. *Ætna Ins. Co.* 37 Ohio St.—, (2 Ohio Law J. 289;) *McNichol* v. *U. S. Mercantile Ass'n*, 14 Cent. Law J. 51; *Williams* v. *Empire Transp. Co.* 14 O. G. 523.

The questions are believed to be of sufficient importance to warrant inserting here the able opinion of Judge Manning F. Force rendered in *Mohr & Mohr Distilling Co.* v. *Lamar Ins. Co.*, pending in the superior court of Cin-

cinnati, being one of the same series of cases as that decided by Mr. Justice Matthews. It arose upon a motion to set aside service of summons, and is as follows:

"FORCE, J. The case presents a question of jurisdiction. Both parties are foreign corporations. This court has, by statute, jurisdiction over an action against a foreign corporation when such corporation can be found within the city. A corporation can be found where it can be served with a summons according to law. A foreign corporation can be served with summons according to law by service upon a managing agent. The service in this case was upon 'John P. Whiteman, agent of said Lamar Insurance Company, and the chief officer of its agency in the city of Cincinnati. No chief officer of said company found.' Such service is service upon a managing agent. *Am. Ex. Co.* v. *Johnston*, 17 Ohio St. 641. This court, therefore, has jurisdiction of the action, and the service of summons is according to law.

"It is true that there are special modes of service upon insurance companies provided by statute, but it has been expressly decided that such special modes are not exclusive, but cumulative. *Handy* v. *Ætna Ins. Co.* 37 Ohio St.——, (Ohio Law J. January 5, 1882.)

"It is urged that the courts of the state cannot, or at least should not, hear causes between non-residents; that there is enough litigation to which citizens of the state are parties to fill all the sessions of court. But the courts cannot refuse to hear causes that have a right to be heard, and it is impossible to contend that non-residents have not a right to sue non-residents in the courts of the state. The law makes no distinction between natural and artificial persons as to their right to sue or their liability to be sued. By the comity of all the states, foreign corporations can sue in their courts. *Bank of Augusta* v. *Earle*, 13 Pet. 519.

"It has not been questioned that a corporation can do business in states other than that in which it is chartered. By repeated decisions of the supreme court of the United States it is settled that a corporation can do business in such other state only by permission of such other state, and upon the conditions as such state may prescribe. Where a state by general law provides for a mode of service upon foreign corporations doing business within the state, such law is a condition upon which a foreign corporation can do business within the state; *Paul* v. *Virginia*, 8 Wall. 168; and, by doing business in this state, a foreign corporation assents to such condition. *Lafayette Ins. Co.* v. *French*, 18 How. 404.

"The courts of Ohio are open for any non-resident, whether a natural or an artificial person, to sue any other non-resident, whether a natural or an artificial person, upon complying with the requirements of the statute. 'Non-residents of the state and foreign corporations are as much subject to its jurisdiction as are residents and domestic corporations. Except in actions of a local nature our courts are open to all who may seek relief therein against any one who may be reached by its process.' *Handy* v. *Ætna Ins. Co. supra.*

"If it is suggested that the national courts are the proper forum in actions between non-resident corporations, it is held otherwise. In the reports of the supreme court of the United States, corporations are always termed citizens

of the state by which they are chartered. As such they are held included in the word 'citizens' in the constitution of the United States and in the removal acts. The act of 1875 for removal of causes from state to national courts expressly recognizes the jurisdiction of state courts over actions between non-resident citizens. The same express recognition is made by the supreme court of the United States. *Barney* v. *Latham,* 103 U. S. 205.

"Motion overruled."

Provisions of Ohio statutes as to consent of foreign insurance companies to be sued and service made upon certain agents, (section 3657, Rev. St. 1880,) and where actions against foreign corporations generally to be brought, and how service of process made, (sections 5030, 5045, 5046, Rev. St. 1880.)—[REP.