BOYD *v.* GILL and others.

CUTTER *v.* WHITTIER and others.

NOTT *v.* CLEWS and others.

PERKINS *v.* DENNIS and others.

*(Circuit Court, S. D. New York.  December 14, 1883.)*

1 REMOVAL OF CAUSE—CONTROVERSY WHOLLY BETWEEN CITIZENS OF DIFFERENT STATES.
    A controversy is not the same thing as a cause of action; and a suit against two persons jointly does not, merely because it might have been brought against either separately, involve a controversy wholly between the plaintiff and one of them, within the meaning of the act authorizing the removal of a suit to the federal courts where there is a controversy wholly between citizens of different states.

2. SAME—SEPARATE CONTROVERSIES.
    When, however, the separate causes of action could both be pursued against different defendants, and settled independently of each other, the suit, even though it contain a joint cause of action also, involves separate controversies and falls within the term of the act.

3. SAME—BILL AGAINST FRAUDULENT TRUSTEES.
    A cause of action against several trustees for the fraudulent misappropriation of trust funds, being *ex delicto* and involving, therefore, no right of contribution between the defendants, may in equity as well as at law be pursued either jointly or severally; and a bill in equity founded upon such a claim, and demanding a joint and several accounting by the trustees, involves such a separate controversy with each defendant that if one of the defendants is a non-resident the cause is removable.

4. SAME—FILING OF PETITION BEFORE TRIAL.
    The trial of a cause upon demurrer is a trial within the meaning of the act requiring a petition for the removal of a cause to be filed before the trial thereof.

On Motion to Remand.
*H. F. Averill* and *Geo. F. Betts*, for plaintiff in each case.
*Sewell, Pierce & Sheldon*, for defendant Plumb.
*Sherman & Sterling*, for defendant Whittier.
*Abbot Bros.*, for defendant Clews.
*Arnoux, Ritch & Woodford*, for defendant Dewing.
Before WALLACE and BROWN, JJ.

WALLACE, J.    These cases and the case of *Langdon* v. *Fogg*,[1] decided by Judge BROWN, but in which he ordered a reargument, have been heard together, the questions being substantially identical, upon motions to remand the suits to the state court.    In each case the action was brought in the state court by a resident plaintiff against a non-resident defendant and several resident defendants, and was removed to this court upon the petition of the non-resident defend-

[1] 18 FED. REP. 5.

ant. ' The right to a removal is challenged upon the ground that there is not a controversy in the suit which is wholly between the plaintiff and the non-resident defendant, and which can be fully determined between them, within the meaning of the second section of the removal act of March 3, 1875.

There are some immaterial differences in the allegations of the bills of complaint in the several cases, but the bill in each may be fairly treated as one brought by a stockholder in a mining corporation to enforce a cause of action which exists in favor of the corporation against the directors for a fraudulent appropriation of its assets, but which the corporation does not assert because it is controlled by the unfaithful directors, and the directors and corporation are consequently joined as defendants. The relief sought is that the individual defendants account jointly and severally concerning the profits they have made by the misappropriation of the corporate property, and be adjudged to pay the amount found due to the corporation into court for the ' benefit of the stockholders. This being the cause of action disclosed by the bill, it will be treated as one upon which a separate action could be maintained as between the plaintiff and the non-resident defendant. The rule may now be deemed established that where a cestui que trust seeks in equity to charge trustees with personal liability for their fraudulent acts, he may join all who have participated, or proceed against one or more of them severally at his election. The right of action in such a case arises ex delicto, and in equity as well as at law the tort may be treated as several as well as joint. Heath v. Erie Ry. Co. 8 Blatchf. 347; May v. Selby, 1 Younge & C. Ch. 235; Franco v. Franco, 3 Ves. 75; Wilkinson v. Parry, 4 Russ. 272; Atty. Gen. v. Wilson, 4 Lond. Jur. 1174. A proceeding against trustees for a fraudulent breach of trust is an exception to the rule that in a suit against trustees all of them must be made parties. Cunningham v. Pell, 5 Paige, 607. The reason is obvious. A trustee may insist that his co-trustees be joined, when he is sued for a breach of duty in which the other trustees are involved, because he is entitled to contribution. In cases of breach of trust not involving actual fraud, contribution may be enforced by trustees, as between themselves,—Hill, Trust. 814 and notes, (4th Amer. Ed.;)—but no right of contribution exists where the demand sought to be enforced is ex delicto. Ellis v. Peck, 2 Johns. Ch. 131; Miller v. Fenton, 11 Paige, 18. The cause of action disclosed by the bill is therefore one capable of being determined as between the plaintiff and the non-resident defendant without the presence of the other defendants. The plaintiff, at his election, can dismiss his bill as against all the other defendants at any stage of the action and proceed against the non-resident defendant alone, and obtain against him the complete relief to which he would be entitled if the other defendants were joined.

The question, then, is whether the act of 1875 gives the right of removal whenever there is a cause of action in the suit between a

resident party on the one side and a non-resident party on the other, upon which a several recovery may be had against the latter, or whether the right exists only when there is a separate and distinct controversy to which all the substantial parties on one side are residents, and all those upon the other are non-residents. The language of the act declares that when in "any suit * * * between citizens of different states * * * there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants * * * may remove," etc. Two diverse views of the meaning of this language are indicated by the adjudications of the federal courts. In *Peterson* v. *Chapman*, 13 Blatchf. 395, the action was one of trover, in which the plaintiff was a citizen of New York, and the defendants were one a citizen of New York, and one a citizen of Connecticut. It was held that, although the cause of action was such that the suit could be maintained by the plaintiff against either defendant alone, it was not a removable suit, because all the parties to the controversy were not residents upon the one side and non-residents upon the other; and that the plaintiff having elected to proceed against all jointly, the case disclosed but a single controversy, and that was one which could be fully determined only between all the parties to the suit. This decision was approved and followed by other judges in this circuit in *Sawyer* v. *Switzerland Ins. Co.* 14 Blatchf. 451, and *Van Brunt* v. *Corbin*, Id. 496. The latter case was an action of ejectment, and one, therefore, in which the plaintiff at his election might have proceeded against the defendants severally instead of jointly. The more recent case of *Tuedt* v. *Carson*, 13 FED. REP. 353, in the eighth circuit, is to the same effect. That was an action brought by the plaintiff against several defendants for a tort. Some of the defendants were residents of the same state with the plaintiff, and others were residents of a different state. It was held not to be such a separable controversy that the non-resident defendants could remove the case, although the plaintiff could at his election have proceeded against them alone. On the other hand, *Clark* v. *Chicago, etc., Ry. Co.* 11 FED. REP. 355; *Kerling* v. *Cotzhausen*, 16 FED. REP. 705; *People ex rel.* v. *Illinois Cent. R. Co.* Id. 881, are authorities for the broad proposition that whenever the suit is founded on a cause of action upon which, at the election of the plaintiff, the defendants might have been sued severally, a non-resident can remove the suit, although the other defendants with whom he is sued jointly are residents of the same state as the plaintiff.

It is urged that, since the decisions in this circuit referred to, the supreme court has considered the construction of the second clause of the second section of the act of March 3, 1875, and in the light of its decision in *Barney* v. *Latham*, 103 U. S. 205, the former judgments of this court should be reconsidered, and it should now be decided that whenever in a suit between a resident plaintiff and several defendants,

one only of whom is a non-resident, there is a cause of action which might be fully determined as between the plaintiff and the non-resident defendant, if the other defendants were not parties, the suit is removable. *Barney* v. *Latham* does not seem to sanction any such contention. Some misapprehension of that decision may have arisen by overlooking the distinction between a separable cause of action and a separate or separable controversy. The cases in the seventh and eighth circuits seem to interpret that decision as holding that whenever a separate action could have been maintained by the plaintiff upon the cause of action sued upon against one of the several defendants, as to such defendant there is a separate or separable controversy in the suit. In *Barney* v. *Latham* there were two separate and distinct controversies, as to one of which the requisite diversity of citizenship existed between all the parties to it, plaintiff and defendant, to authorize a removal of the suit. Speaking of this controversy the court, through Mr. Justice HARLAN, say that "such a controversy does not cease to be one wholly between the plaintiffs and the defendants because the former, for their own convenience, choose to embody in their complaint a distinct controversy between themselves and other defendants." That decision was commented on in the subsequent case of *Hyde* v. *Ruble*, 104 U. S. 407, and its result is tersely and clearly stated by the chief justice as follows:

"To entitle a party to removal under this clause there must exist in the suit a separate and distinct cause of action, in respect to which all the necessary parties on one side are citizens of different states from those on the other. Thus, in *Barney* v. *Latham*, two separate and distinct controversies were directly involved,—one, as to the lands held by the Winona & St. Peter Land Company, in respect to which the land company was the only necessary party on one side, and the plaintiff on the other; and the second, as to the moneys collected from the sales of lands before the land company was formed, as to which only the natural persons named as defendants were the necessary party on the one side and the plaintiffs on the other; one was a controversy about the land, and the other about the money. Separate suits, each distinct in itself, might have been properly brought on these two separate causes of action, and complete relief afforded in such suit as to the particular controversy involved. In that about the land the land company would have been the only necessary defendant, and in that about the money the natural persons need only have been brought in. In that about the land there could not have been a removal because the parties on both sides would have been citizens of the same state; while in that about the money there could have been, as the plaintiffs would all be citizens of one state, while the defendants would all be citizens of another."

It does not necessarily follow that a controversy is wholly between a plaintiff and each one of several defendants, and can be fully determined as between them, merely because such a controversy might have been presented if the plaintiff had elected to present it in that form. The controversy in a suit is the one which is actually presented, not the one that might have been. It is not wholly between the plaintiff and one of the defendants because it might have been if the plaintiff had so elected. Nor can a controversy be fully deter-

mined between a plaintiff and one of the defendants when in the form and substance which it has assumed the plaintiff insists, and has a right to insist, that so far as he is concerned it shall be determined as to both of the defendants. The controversy is the claim in form and substance as it is presented for determination; and if a joint recovery against several defendants is claimed upon a cause of action which justifies a joint recovery, the controversy is between the plaintiff and all the defendants against whom the claim is asserted. The opinions of Judge JOHNSON in *Peterson* v. *Chapman*, and of Judge TREAT in *Tuedt* v. *Carson*, are replete with satisfactory reasons against such a construction of the removal act as is insisted upon. There seem to be no controlling reasons, therefore, for receding from the former decisions in this circuit.

It remains to consider whether, under the bill here, which seeks a decree that the defendants account severally concerning the gains and profits received by each through the fraudulent acts complained of, there is not a controversy which is separate as between the plaintiff and each defendant, and which can be fully determined as between them. If the defendant has elected to pursue each defendant separately, and the cause of action disclosed by the bill justifies him in doing so, it would seem that the suit presents a separate controversy as to that defendant notwithstanding there is also a controversy between the plaintiff and all the defendants jointly. If this separate controversy can be fully determined between the plaintiff and defendant without the presence of the other defendants, the language of the removal act is satisfied. That it can be thus determined has already been shown, because the other trustees are not necessary parties to a suit brought against one for a fraudulent breach of trust. There is, therefore, a distinct controversy here between the plaintiff and each defendant. Some of the transactions assailed by the bill are not joint transactions on the part of the defendants. All of the defendants may not be liable to the same extent. The prayer as to this branch of the bill is against each defendant for a several accounting, and that is only necessary upon the theory that some of them are liable for a different amount than others.

It is no answer to the suggestion that the suit presents a separate and distinct controversy as between the plaintiff and each defendant, to assert that the decree obtained will be a single decree as to all the defendants. The same thing may be said of every decree in suits in equity, and could have been said in *Barney* v. *Latham*. For these reasons the actions were properly removed.

In the case of *Nott* v. *Clews* the additional point is made that the petition for removal was not filed by the removing defendant before the trial of the cause. As to four of the defendants separate demurrers were interposed and brought to a hearing. The demurrers were overruled, but leave was given to the defendants to answer upon payment of costs of the demurrers within 20 days. As the removal was

at the instance of one of the defendants who demurred, it is not material that when the demurrer was heard service of process had not been made on some others of the parties named as defendants. If the cause was not in a condition to be heard on demurrer, the objection should have been taken in time. As it is, after the removing defendant has elected to treat the action as severed, he cannot now be heard to say that the hearing and decision upon the demurrer is to go for nothing. The real question is whether the hearing and decision of a cause upon a demurrer is a trial of the cause within the meaning of the removal act. This precise question has been decided adversely to the defendant by Judge BENEDICT in *Langdon* v. *Fish*, and it was there held that such a hearing was a trial which precluded the subsequent removal of the suit. It was not held in that case that the hearing upon a special demurrer, or one which is addressed to merely formal objections in a bill or complaint, is a trial within the contemplation of the act. But if a defendant chooses to have the action tried upon the pleadings, instead of upon issues of fact, it is his right to do so, and the decision is a final determination of the action, unless in the discretion of the court a new pleading is permitted. By the Code of this state, and a large number of other states, the hearing of a demurrer is the trial of an issue of law. The term "trial" has thus acquired a more enlarged signification than it possessed when Blackstone defined it as "the examination of the matter of fact in issue in a cause." *Babbitt* v. *Clark*, 103 U. S. 606, is authority for the proposition that the trial of a cause upon an issue of law is a trial which will preclude the removal of the suit afterwards. In this case, therefore, the motion to remand is granted; in the other cases it is denied.

BROWN, J., concurs in the results.