EDWARDS *v.* CONNECTICUT MUTUAL LIFE INS. CO.

*(Circuit Court, N. D. New York.   June 6, 1884.)*

JURISDICTION OF UNITED STATES COURT—PARTY ESTOPPED FROM DENYING JURISDICTION OF COURT AFTER HAVING HIMSELF REMOVED THE CASE THITHER.

A case having been removed, on motion of defendant, from a state to a federal court, he cannot move its dismissal on the ground that it was improperly brought in the original court, such an objection being now immaterial: neither can he attack the jurisdiction of the court to which it has been removed upon his motion.

Motion to Dismiss.
*William N. Cogswell,* for plaintiff.
*Forbes, Brown & Tracy,* for defendant.

COXE, J.   This is an action on a policy of insurance. The plaintiff is a citizen of Massachusetts. The defendant is a Connecticut corporation. The action was originally commenced in the supreme

court of the state of New York, and removed by defendant to this court. A motion is now made by the defendant to dismiss the action for want of jurisdiction,—*First:* because it was improperly brought in the state court; and, *second:* because, irrespective of that question, it is not a controversy of which this court can take cognizance. Even if the first ground of objection were well founded, the defendant is not in a position to take advantage of it. *Sayles* v. *N. W. Ins. Co.* 2 Curt. 212. Whether the state court had jurisdiction or not is a matter wholly immaterial. A decision in favor of the view advanced by the defendant upon this proposition would be indecisive and inconsequential. There is nothing for such a decision to operate upon. Let it be assumed that the state court had not jurisdiction. *Cui bono!* Can it be seriously maintained that this court should, on defendant's motion dismiss an action voluntarily brought here by the defendant, because another court which has now not even a remote connection with the cause has not jurisdiction to try it? In other words, should a court which has jurisdiction refuse to retain it because another court before which the action was once pending had not jurisdiction? Manifestly not.

The only pertinent question therefore is: Has this court jurisdiction? The defendant having alleged as the sole ground for removal "that the controversy in said suit is between citizens of different states" it may well be doubted whether it should now be permitted to challenge the jurisdiction of the court on the ground of citizenship. But it is contended that the court should on its own motion dismiss the suit pursuant to the fifth section of the act of March 3, 1875. It is urged that the papers now before the court demonstrate not only that the defendant is a corporation of Connecticut but also that it does not transact business in, is not an inhabitant of, and is not *found* within this district, and therefore the court should not retain the action. All the circumstances necessary to confer jurisdiction, as provided in the first and second sections of the act of 1875, are found to exist in this case; the amount exceeds $500 and the parties are citizens of different states. Nothing more is required. *Brooks* v. *Bailey,* 9 FED. REP. 438; *Petterson* v. *Chapman,* 13 Blatchf. 395; *Claflin* v. *Ins. Co.* 110 U. S. 81; S. C. 3 Sup. Ct. Rep. 507. The subsequent clause of the first section, which provides that "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceedings," does not limit the jurisdiction of the court but relates to the mode of acquiring it. It is intended for the protection of the defendant and confers a privilege which he can waive by appearing without asserting it. *Robinson* v. *Nat. Stock-yard Co.* 12 FED. REP. 361; *Toland* v. *Sprague,* 12 Pet. 300; *Sayles* v. *N. W. Ins. Co., supra; Flanders* v. *Ætna Ins. Co.* 3 Mason, 158; *Gracie* v. *Palmer,* 8 Wheat. 699; *Kel-*

*sey* v. *Pa. R. Co.* 14 Blatchf. C. C. R. 89. If permitted to do so, the plaintiff would, undoubtedly, have little difficulty in showing that the defendant is found within this district and is therefore in no position to claim the benefit of the privilege alluded to, but confining the case strictly to the stipulated facts it must be held that the defendant has waived any objection which it might have taken. The jurisdiction of this court was invoked by the defendant and it should abide the result in a forum of its own seeking.

The motion to dismiss the action is denied.