## MAYOR, ETC., OF NEW YORK *v.* NEW JERSEY STEAM-BOAT TRANSP. CO. and others.

*(Circuit Court, S. D. New York.   August 20, 1885.)*

1. REMOVAL OF CAUSE — NECESSARY PARTIES — RECORD — INJUNCTION — FERRY FRANCHISE.

   In determining the right of removal of an action in equity on the ground of residence in different states, the residence of the *necessary* parties only will be considered.

2. SAME — MOTION TO REMAND.

   Upon a motion to remand such an action before answer, where the averments of the complaint are so ambiguous as to make it doubtful whether certain defendants residing in the same state with the plaintiff are *necessary* parties, and especially where there are indications of a design to obstruct removal by the introduction of additional parties, the averments of the complaint should be rigidly scrutinized, and the whole record, including the plaintiff's affidavits, which form a part thereof, be looked at; and if it therefrom appears probable that such defendants are not necessary parties, the cause should be retained without prejudice to subsequent remanding, should they afterwards appear to be necessary parties.

3. CASE STATED — PRIOR INJUNCTION.

   The defendant company was organized in New Jersey to run steam-boats between Staten island and New York, touching at several intermediate points in New Jersey; and thereunder was operating its business and running the steamer D. R. M. The plaintiff claimed that this was a *ferry*, and was run illegally without plaintiff's license, and brought suit for a perpetual injunction against the company, and made parties defendant also the master and engineer of the steamer, and the secretary of the company, and one S., who resided in New York, and had been enjoined in the state court in a previous suit, but, as was alleged, had procured this company to be organized as a scheme for his own benefit, and was operating the ferry purporting to be operated by the company. The plaintiff's affidavits showed that S. sedulously avoided all ostensible and legal connection with the company. *Held*, that no fact was stated whereby it appeared that the defendant company was not the sole party responsible to third persons for its transportation business; that an injunction against the company would bind all its officers, agents, and employes, and stockholders; and as it did not appear that S. personally owned or controlled directly any part of the line, *held*, that the company alone was a necessary party, and that the cause should not at present be remanded. Whether the organization of the new company by S. was in contempt of the prior injunction, *quære*.

In Equity.

*J. J. Townsend* and *W. W. Macfarland*, for the motion.

*C. C. Beaman*, opposed.

BROWN, J.   The bill of complaint in this case was filed in the superior court of the city of New York to obtain an injunction perpetually restraining the defendants from running the steam-boat D. R. Martin, or any other vessel, as a ferry, from pier 18, New York, to Staten Island, without first taking out a license from the complainant. After the service of the complaint, and of several affidavits upon which a motion was noticed to obtain an injunction *pendente lite*, the transportation company removed the cause to this court. The petition of removal sets forth that of the five individual defendants three are citizens of New Jersey, and that the transportation company is also a citizen of New Jersey; that the complainant is a citizen of New

York; and that the other defendants, Starin and Carroll, though citizens of New York, are strangers to the controversy. The complaint also states that the defendant company is a corporation legally organized under the statutes of New Jersey. The petition further alleges that the defendant company is engaged in navigating the steamer D. R. Martin between numerous points in New Jersey and Staten island, and New York city; and that three of the defendants, Storey, Clark, and Belknap, are the agents and employes of the company, and have no other interest therein; and that there is in said suit a controversy which is wholly between the complainant, a citizen of New York, and the said transportation company, a citizen of New Jersey. Upon these grounds a removal was had to this court, and the complainant now moves to remand, upon the ground that upon the petition and the record the removal was unauthorized.

1. I am unable to sustain the removal upon the ground alleged that there is more than one controversy in the cause, because the complaint demands an "account of the sums of money received by the defendants, or *any* or *either* of them, from operating said ferry, and that they pay the same to the complainant." The cause of action, viz., to restrain the running of the ferry, is one and indivisible, though many persons may be engaged in the enterprise. The complaint, in general terms, charges that it is run by the defendants. The account demanded from each is a mere incident to the principal relief, and does constitute a several controversy, as in the cases of *Boyd* v. *Gill,* 21 Blatchf. 543, S. C. 19 Fed. Rep. 145, and *Langdon* v. *Fogg,* 21 Blatchf. 392, S. C. 18 Fed. Rep. 5, where the cause of action itself was joint and several. On this point. also, the decision of the circuit judge in the case of *Mayor* v. *Independent Steam-boat Co.* 21 Fed. Rep. 593, is strictly in point, and must be held to be controlling.

2. On other grounds, however, I think it would be improper to remand the cause at this time. Where the cause is removed on the ground of diverse citizenship, the court regards the citizenship of the *necessary* parties only. Thus, in the leading case of *Hyde* v. *Ruble,* 104 U. S. 409, the supreme court say:

"To entitle to removal, etc., there must be a separate and distinct cause of action, in respect to which all the *necessary parties* on one side are citizens of different states from those on the other." See, also, *Barney* v. *Latham,* 103 U. S. 211.

And in suits for injunctions against corporations it has been repeatedly held that the residence of the president or directors, who have been made co-defendants in the same state with the plaintiff, does not bar the corporation's right of removal to which it would be otherwise entitled, since the corporation is the only necessary and substantial litigant. *Pond* v. *Sibley,* 7 Fed. Rep. 129; *Hatch* v. *Chicago, R. I. & P. R. Co.* 6 Blatchf. 114.

The practice in equity is so flexible as respects the joinder of par-

ties defendant that it is necessary to examine the record to determine, so far as possible, who are the substantial litigants; or, in the words of the supreme court in *Barney* v. *Latham, supra,* who are the "indispensable parties" to the controversy presented by the complaint, and to the substantial relief sought.   The subject of the controversy is plainly the running of the so-called ferry by the use of the steam-boat D. R. Martin, which the complainant alleges is run as a ferry without the necessary license.   The contention of the defendant company is that it is engaged in the business of interstate transportation, for which no license from the complainant is necessary.   It is manifest that the only necessary parties defendant to such a controversy are the persons having the legal control and responsibility of the enterprise.   A decree against them binds their servants, agents, and officers; and where a corporation is the principal, no amount of mere pecuniary interest in the corporation by an individual stockholder will make him a necessary or indispensable party.   *Barney* v. *Latham, supra.*   The complaint upon its face discloses that some of the individual defendants are not necessary parties.   It states that the defendant Clark is master, and the defendant Belknap is engineer, of the steam-boat D. R. Martin, which is alleged to be unlawfully run as a ferry without the complainant's license.   No other connection on their part with the alleged ferry is stated.   These statements of the complaint itself show that those defendants are not principals.   The record elsewhere shows that they are in the employ of the transportation company as mere servants and agents, and hence not substantial parties to the litigation. When, therefore, the complaint alleges, as it does in the fourth paragraph, "that the *defendants* are now running the steam-boat D. R. Martin" as a ferry-boat, etc., and "thereby intercept and unlawfully appropriate profits, rents, and ferriage fees belonging to the plaintiffs," it is plain that this allegation cannot be held to be an averment that the defendants are all joint principals in the business.   Again, as respects the defendants Storey and Carroll, the only allegations of the complaint are that they are "engaged and interested in operating the ferry,   *   *   *   not only in their own interest, but in the interest and under the control of the defendant John H. Starin."   Of Starin it is alleged that he "is, in fact, the owner of the D. R. Martin,   *   *   *   and the person through whose instrumentality and in whose interest the transportation company, defendant, was organized and incorporated," and that said company "is a scheme devised by him for his own personal business and benefit, and that he is really the person now actually operating the ferry herein referred to, *purporting to be operated by the said New Jersey Steam-boat Transportation Company."*

These are all the averments of the complaint touching the character of the parties defendant.   From these averments it is manifest that the apparent and only ostensible principal is the defendant corporation.   The complainant's affidavits, which form a part of the rec-

ord, make this fact still clearer. They show that the corporation was organized and incorporated for this very purpose; that it is carrying on this business in the ordinary way; that the corporation, and not Starin, is the owner of the D. R. Martin; and that Storey is its secretary and treasurer. It is clear, therefore, that the defendant Starin is the only defendant, besides the corporation, concerning whom, upon the record, there can be any doubt that he is an unnecessary party. But even as respects Starin, the fair inference from the whole record is that neither in law nor in equity does he stand in the attitude of a responsible operator of this ferry; and that the complaint does not mean to make any such averment. He may, and doubtless does, have a warm personal interest in the success of the enterprise; he may own, indirectly, a large part, or even the whole, of the stock of the corporation; he may thereby possibly influence and direct the election of its officers, and in that sense be said to be "actually operating the ferry;" but unless he is directly and legally responsible personally for the running of the alleged ferry in other ways than these, he is not a necessary party to this suit. Such relations as those described are all indirect, as regards the complainant. Every corporation must have its stockholders, its officers, and its managers. Whether these are few or many, and whether its business through them be controlled by one man or by many, is wholly immaterial. The corporation, so long as it is in the possession and management of its business affairs, is the only party directly responsible, and the only party necessary to a suit like this. If it appeared from the complaint, or from the whole record, that the business sought to be enjoined was carried on jointly by several defendants or companies, each of whom was the legal owner and in control of one of the different parts of the same general enterprise, and was the party directly responsible for that part of it, all such persons or companies might be necessary parties. Such was, perhaps, the case of *Mayor* v. *Independent Steam-boat Co.*, *supra*, as presented by the record, where two other corporations were proprietors of the steam-boats engaged in the enterprise complained of.

In this case no such joint enterprise is alleged. Carefully scrutinized, the averments of the complaint above quoted state nothing beyond such relations as an individual may lawfully hold to a corporation, without in any way affecting its own sole responsibility to other persons for its business affairs. It is immaterial by whose "instrumentality" a corporation is organized if it be done legally. The lawfulness of its business is not impugned, nor its own sole legal responsibility for its business shifted, by calling it a "scheme" devised for one man's individual profit. Profit is the legitimate purpose, and the usual purpose, of all business corporations; and the averment that Mr. Starin is "actually operating the ferry referred to, purporting to be operated by the transportation company," states no fact showing that Mr. Starin does anything in or about the ferry business outside

of legitimate influence over the corporate action through the officers or stockholders, for which the corporation alone is legally responsible. The complaint does not aver that the persons actually employed in running the ferry are the servants or agents of Mr. Starin, or that they are employed or paid by him, and not by the corporation.    The contrary appears clearly from the complainant's affidavits.

I regard it as obligatory upon the court to scrutinize the complaint thus rigidly, and to make no intendments in the complainant's favor upon a question of this character, because there are indications in the record of an attempt to prevent a trial in the federal courts through the joinder of defendants in no way necessary to the determination of the real issue; and because if the cause were remanded, and it should turn out upon the trial that these general averments of the complaint in regard to Starin and others were not sustained in any different sense from that above referred to, the cause might still proceed to judgment against the corporation in the state court, though the individual defendants were clearly shown to be unnecessary parties; and the corporation would thus be deprived of the right to a trial in the federal courts, which the United States statute was designed to secure to it.    On the other hand, should it turn out hereafter that Mr. Starin has any direct, legal, and responsible relation to the running of this ferry, as regards third parties, so as to be a necessary party to the litigation, or to the actual controversy presented by the pleadings, then this court can, whenever that fact appears, remand the cause; and by the statute it will then become its duty to remand it.

For another reason, also, Mr. Starin would appear to be an unnecessary, if not an improper, party here, because in the former suit against the Independent Steam-boat Company, to which he was a party, it appears from the complainant's affidavits that Mr. Starin, "by an order of court, was, on or about August 14, 1884, enjoined, at the complainant's suit, from operating any ferry between the points mentioned in the complaint in this action," and that such order "is still in full force and effect."    Having already obtained an injunction against Mr. Starin, it would seem to be at least wholly unnecessary, if not inadmissible, for the complainant to institute another suit against him as a substantial litigant to obtain the same relief a second time.    The proper remedy against him would be a proceeding to punish him for contempt of the order already obtained in the former suit.    In such a proceeding it might possibly be that the organization of a foreign corporation through his sole "instrumentality" to run the ferry he had been enjoined from operating, might be held to be a contempt.    But that would not make him a necessary party to the new suit to enjoin the new corporation that is the proprietor of the alleged ferry.    The fact that Starin is not proceeded against for contempt, but made a co-defendant in a new suit against the new company, shows that he is not made a party here as the proprietor

of the ferry, or as the direct and responsible principal, and that he is not intended to be represented as such; but as a person behind the corporation, and therefore a proper party merely, as distinguished from a necessary party. Clearly the new suit was instituted because the new corporation is lawfully constituted, and because neither the corporation nor its business could be affected by any proceeding merely to punish Mr. Starin for contempt of the former order. Being lawfully organized and conducted, it is apparently the sole responsible party in this suit. Mr. Starin cannot be made a necessary party by any averments of mere interest in, or control over, the corporation in legal ways through the stockholders; but only by the averment of some acts charging him with the direct legal responsibility for some parts, or of the whole, of the ferry business. Where the averments of the complaint are so general as to be capable of different constructions, it is competent to examine other parts of the record to see what is the nature and probable character of the suit. The affidavits of the complainant show, on the part of Mr. Starin, very sedulous care to avoid any legal relations with the present enterprise. The averment of the complaint that Mr. Starin owns the D. R. Martin is disproved by the complainant's own affidavits, and, as I have said, there is not a single fact or a single act of Mr. Starin's averred which would connect him with the enterprise as a responsible party. The general averments of the complaint may all be true; the alleged influence of Mr. Starin, if any, may all be exerted through the lawful stockholders or officers of the corporation. The affidavits strongly indicate no other acts of his; and upon this view I must hold the transporation company, so far as at present appears, to be the only substantial and responsible litigant, and the only necessary party. This is what the petition for removal avers. As this company is a citizen of New Jersey, and the complainant a citizen of New York, it follows that, so far as appears at present, the controversy in the sense of the act of 1875 is wholly between citizens of different states, and the removal in that case may be had under either clause of section 2. *Mutual Life Ins. Co.* v. *Champlin,* 21 Fed. Rep. 85.

The motion to remand is therefore, for the present. denied.